## Huff v. Kentucky Harlan Coal Company, et al.

(Decided June 1, 1928.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Under Ky. Stats., sec. 4935, providing that award of Workmen's Compensation Board shall be conclusive and binding as to all questions of fact, the only question for determination on appeal from judgment sustaining order of the board rejecting claim is whether the board's finding of facts is supported by any competent evidence.

2. Master and Servant.—Evidence held to support finding of Workmen's Compensation Board that hernia did not result from injuries received in employment, within meaning of Ky. Stats., sec. 4884, requiring definite proof of injury resulting in hernia and that hernia occurred suddenly and immediately following injury and did not exist in any degree prior to injury for which compensation is claimed.

F. L. HUFF and R. L. POPE for appellant.

A. G. PATTERSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Hiram Huff was an employee of the Kentucky Harlan Coal Company. Both had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). Claiming that he received an injury

resulting in a hernia, Huff applied to the Workmen's Compensation Board for compensation. His claim was rejected by the board, and on appeal to the Harlan circuit court the award was affirmed. From that judgment, this appeal is prosecuted.

According to Huff, he was engaged in laying track in the company's mine. While prying up a steel rail with a jack it flew loose, and the end of the bar handle struck him in the groin on the left side. This made him sick, and he went out of the mine. The next day he was carried to the hospital and operated on for appendicitis. He remained in the hospital for about ten days. The next morning after the operation the hernia was about the size of a hen egg. He called the doctor to his bed and showed him the rupture. The doctor pressed on it and it went back. Before the accident he had never had a symptom of hernia, his health was good, and he worked regularly.

Dr. W. M. Martin, who operated on Huff for appendicitis, testified as follows: After leaving the hospital Huff came to him and said that he believed he had strained himself. He then examined Huff and found the hernia, which is still there. Huff had been a patient of his, and had never shown any symptoms of having a hernia prior to that time. The appendicitis operation did not cause the hernia. He did not remember of Huff's telling him about the pain in his left side, or of his having examined Huff and pushed the hernia back in place. If Huff had called his attention to it, he would have remembered it. After performing the operation for appendicitis, he bandaged Huff's abdomen with adhesive tape, and Huff could not have gotten his hand under the tape or seen that he had a rupture without taking the tape off. Not only so, but he himself could not have seen that Huff had a rupture, and the bandage itself would have prevented it from protruding. He made a careful examination of this man's stomach and bowels before the operation. He covered the territory where the ring was supposed to be, and did not discover any hernia. It may, however, have developed later. Huff was in the hospital nine or ten days.

The purpose of the Workmen's Compensation Act was to provide a speedy and economical method of adjusting claims of employees for personal injuries sustained by accident arising out of and in the course of their employment. To that end it was provided that the

award of the board should be conclusive and binding as to all questions of fact. Section 4935, Kentucky Statutes. Therefore, the only question for determination on this appeal is whether the board's finding of facts is supported by any competent evidence. Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049.

Section 4884, Kentucky Statutes, provides:

"In all claims for hernia resulting from injury received in the course of and resulting from the employee's employment it must be definitely proved to the satisfaction of the board:

"(1)   That there was an injury resulting in hernia.

"(2)   That the hernia appeared suddenly and immediately followed the injury.

"(3)   That the hernia did not exist in any degree prior to the injury for which compensation is claimed."

In view of the testimony of Dr. Martin, the board found that it could not say that the hernia of which Huff complained at the time of the trial was the direct result of the accident. It also held that the proof did not show that Huff had a hernia which resulted from an accident arising out of and in the course of his employment, and that it appeared immediately and did not exist in any degree prior to the accident. An examination of the evidence will show that Huff's claim is predicated on evidence that he was injured on the day preceding the operation for appendicitis; that the hernia appeared the next day; that he called the attention of Dr. Martin to the hernia; that Dr. Martin pressed the hernia back in place; and that he had never had a hernia prior to the injury. But this is not all the evidence. Prior to the operation Dr. Martin examined Huff's abdomen and found no evidence of a hernia. After the operation Huff's abdomen was bandaged, and Huff could not have seen the hernia. Dr. Martin himself could not have seen the hernia, and could not have pressed the hernia back in place without removing the bandage. Moreover, Huff did not call his attention to the hernia until after he left the hospital. It will thus be seen that Huff is contradicted on all material points. That being true, it cannot be said that the board's finding of facts is not supported by any competent evidence.

Judgment affirmed.