## Muncy v. Muncy et al.

(Decided January 26, 1932.)

ROY HELM and WOOTTON, HELM & WOOTON for appellant.

J. T. BOWLING and CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On June 2, 1930, W. A. Muncy, an employee of the Carrs Fork Coal Company, was struck by falling slate, and died as a result of his injuries on October 12, 1930. At the time of his injuries both he and the coal company had accepted the provisions of the Workmen's Compen-

sation Act (Ky. Stats., sec. 4880 et seq.). He was survived by his wife, Sidney Muncy, and by a daughter, Hope Muncy, who was under 16 years of age, and also by his mother, Rose Muncy. At the hearing the coal company acknowledged its liability for compensation, and asked the court to adjudge to whom compensation should be paid. It also was stipulated that Sidney Muncy and her daughter, Hope Muncy, were dependents of W. A. Muncy, and that the only question to be determined was the dependency of Rose Muncy, the decedent's mother. After hearing the evidence, the Workmen's Compensation Board adjudged that Rose Muncy was partially dependent, and awarded her compensation at the rate of $3 a week for 335 weeks, and Sidney Muncy and her daughter compensation at the rate of $9 a week for the same period. On July 3, 1931, and within the time prescribed by the statute, Sidney Muncy filed in the Perry circuit court a petition for a review. Summons was issued against Rose Muncy, the coal company, and the Workmen's Compensation Board. The summons was executed on Rose Muncy on July 7, 1931. In response to the summons the board filed a complete record of the case with the clerk of the Perry circuit court. Rose Muncy filed her answer on August 3, 1931, the first rule day after she was summoned. On September 26, Sidney Muncy filed a motion asking for an order directing the coal company to pay her the compensation due her for the death of her husband. On that day an order was entered directing the coal company to pay Sidney Muncy the sum of $480, which was three-fourths of the compensation due to that date. To this order Rose Muncy excepted. On September 28, 1931, Sidney Muncy filed a motion to strike from the records the answer of Rose Muncy on the ground that it was not filed within 15 days after the summons was executed. The motion was sustained, the allegations of the petition were taken as true, the award as to Rose Muncy was reversed, and her claim was dismissed. Rose Muncy appeals.

After providing that either party within 20 days after the rendition of the final order or award of the board may, by petition, appeal to the circuit court for the review of such order or award, and that such petition shall state fully the grounds upon which a review is sought, shall assign all errors relied on, and shall be verified by the petitioner, who shall furnish copies of the

petition to respondent at the time of filing same, section 4935, Kentucky Statutes, further provides: "Summons shall issue upon the petition directing the adverse party to file answer within fifteen days after service thereof." Being of the opinion that the provision as to the time in which the answer should be filed was on the same basis as the provision as to the time in which the petition for review should be filed, which had been held to be mandatory, Carrs Fork Coal Co. v. Scott, 204 Ky. 656, 265 S. W. 19, the court concluded that the statutory requirement as to the filing of the answer was likewise mandatory, and struck appellant's answer and dismissed her claim on the ground that the answer was not filed within 15 days after the summons was served. The ground on which the provision respecting the time for filing the petition for review is held to be mandatory is that, after the required time, the award becomes final, and the court is without jurisdiction to entertain the appeal. With respect to the filing of an answer by a respondent the situation is different. The review of the circuit court is limited to determining whether or not (1) the board acted within, or in excess of, its powers; (2) the order, decision, or award was procured by fraud; (3) the order, decision, or award is not in conformity with the provision of the act; (4) if findings of fact are in issue whether such findings of fact support the order, decision, or award. Unless there be fraud or misconduct of some person engaged in the administration of the act, the case is heard on the record as certified by the board, and no new nor additional evidence may be introduced. The questions presented under heading 1, 3, and 4, supra, are mere questions of law, which may and should be reviewed by the court whether contested or not. It is only when ground 2 is relied on, that is, that the order, decision, or award was procured by fraud, that any answer is necessary. In this case there was no charge of fraud, and the only grounds relied on were grounds 1, 3, and 4. The purpose of the summons was to notify the adverse party of the petition for review, and give her an opportunity to be heard if she so desired. When the summons was served the court was not in session. An answer, which was a mere denial of the propositions of law presented by the petition, was filed on the first day of the court after the summons was served. In our opinion the statutory provisions are not mandatory as to the time in which the answer shall be filed, and the court abused a sound discre-

tion in striking it from the files and dismissing appellant's claim.

Coming to the merits, it must not be overlooked that we are not at liberty to reverse the board's finding of facts on the ground that it was flagrantly against the evidence. On the contrary, the rule is that, where there is no claim of fraud, the board's finding of facts is conclusive unless there is entire absence of evidence to support it. Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34. Here no such case is presented. On the contrary, the finding of the board that appellant was partially dependent on the decedent, and that she was entitled to compensation at the rate of $3 a week for 335 weeks, is abundantly supported by the evidence.

Wherefore, the judgment is reversed, and the cause remanded with directions to affirm the board's award.