# State Highway Commission v. Westerfield.

(Decided Dec. 4, 1934.)

BAILEY P. WOOTTON, Attorney General, and F. M. BURKE, Assistant Attorney General, for appellant.

CLEMENTS & CLEMENTS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On June 2, 1932, Jesse C. Westerfield filed a claim for an adjustment of compensation against the Kentucky state highway commission, hereinafter called the highway commission, claiming that, while employed by the highway commission and in the regular course of his employment in shoveling crushed stone from a railroad car, he received a strain or injury which resulted in a hernia. It was stipulated and agreed by counsel for the respective parties that at the time of the alleged injury for which compensation was sought, both the employer and employee had accepted and were operating under the provisions of the Workmen's Compensation Act (Ky. Stat. sec. 4880 et seq.) and, at the time, the employee's average weekly wage amounted to $15.

Westerfield testified that while shoveling stone out of the railroad car into a truck he received a hurt or injury in the right groin followed by such pain and sickness that he was forced to get out of the car and lie down for about thirty minutes. He testified that some seven to ten days after receiving the injury he noticed a protrusion or bulging in the groin and immediately consulted Dr. George L. Barr who informed him that it was a rupture. After leaving the employment of the highway commission, he was employed in a mine shoveling coal, but testified that he was wearing a truss and used precaution to avoid injuring himself; that he had been wearing a truss since a short time after he received his injury.

Dr. Barr testified that he examined Westerfield in December, 1932, and found that he had a hernia; that Westerfield stated at that time that the witness had examined him in July, 1931, but that he had no record or recollection of having made such examination; that Westerfield gave him no history of the case and he asked for none. He gave as his opinion that a man shoveling rock could get in such a position as to cause a rupture like that of which Westerfield complained.

William Henry who was at work in the car when Westerfield claims to have sustained his injury testified that the latter said he had a hurting in his side and went out of the car and laid down thirty or forty minutes and thereafter talked about it once or twice but did not know what was the matter with him.

On January 16, 1933, the compensation board entered an opinion and order, and, after a recital of the pertinent points in evidence, made a finding of fact in conformity with the stipulation of the parties and further found that plaintiff did not on or about July 10, 1931, receive an injury in an accident arising out of or in the course of his employment resulting in a hernia.

Thereafter, plaintiff filed a petition for review in the Daviess circuit court, alleging that the finding of the board was erroneous for a number of reasons therein set out and asked that the order and award of the board be set aside and the application for adjustment of compensation be sustained and that the petitioner be awarded the sum of $9.75 per week for fifty-two weeks. The petitioner moved the court to take the allegations of his petition for appeal and review as confessed and

to enter judgment in conformity with the prayer thereof on the ground that the highway commission had not filed any answer or response. This motion was overruled and the petitioner reserved exceptions to the court's action in so doing.

On final hearing it was adjudged that the opinion and order of the compensation board dismissing plaintiff's application for adjustment of his claim for compensation be set aside and held for nought. It was further adjudged that plaintiff was entitled to receive from the highway commission the sum of $9.75 per week for a period of 52 weeks amounting to a total of $507 with interest from June 1, 1932, and that the compensation board should enter an order pursuant to the judgment.

The highway commission is prosecuting this appeal and appellee by cross-appeal granted on his motion is seeking a review of the alleged error of the lower court in overruling his motion to take the allegations of his petition for appeal and review as confessed.

Coming first to a consideration of appellee's cross-appeal we find no case and none has been pointed out that will serve as a guide in reaching a decision on the question presented. This question was, however, presented in the case of U. S. Coal & Coke Co. v. Gorenz, 209 Ky. 370, 272 S. W. 882, where it was insisted that the judgment should be reversed on the pleading because no answer was filed in the circuit court and therefore the allegations of the petition should be taken as true. However, this court was not called upon to determine the question, since it was not presented in the court below but was raised for the first time in the appellate court.

The right of appeal from a judgment or award of the compensation board like the right of appeal to this court is statutory and the proceeding must be in conformity with the provisions of the statute. Referring to the statute relating to appeals to the circuit court from final order or award of the compensation board, Kentucky Statutes, sec. 4935, we find that either party may, within twenty days after the rendition of the award, by verified petition appeal to the circuit court. The statute sets out the character of the petition that shall be filed and that summons thereon shall issue directing the adverse party to file answer within fifteen

days after the service thereof and directing the compensation board to certify its complete record of the case to the court, or, in lieu thereof and if consented to by both parties, an abstract of the record prepared in the manner provided for appeal for the Court of Appeals. It further provides in part:

"No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of this act and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record or abstract thereof as certified by the board and shall dispose of the cause in summary manner, its review being limited to determining whether or not:

"(1) The board acted without or in excess of its powers.

"(2) The order, decision or award was procured by fraud.

"(3) The order, decision or award is not in conformity to the provisions of this act.

"(4) If findings of fact are in issue, whether such findings of fact support the order, decision or award.

"The board and each party shall have the right to appear in such review proceedings; the court shall enter judgment affirming, modifying or setting aside the order, decision or award, or in its discretion remanding the cause to the board for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing of fact, remand the cause to the board."

Section 4930 of the Statute provides:

"The board may make rules not inconsistent with this act for carrying out the provisions of this act. Processes and procedure under this act shall be as summary and simple as reasonably may be. * * *"

As evidenced by form 11 on which the application for adjustment of appellee's claim was made, the board in conformity with authority granted by the quoted provisions of section 4930 has adopted a rule that if no answer is filed, all statements of the application will

be treated as controverted of record, but that if any special defense or forfeiture is relied on, it must be specially pleaded in writing.

In the case of Zeitlow v. Smock, 65 Ind. App. 643, 117 N. E. 665, it was held that under a similar statute the compensation board may make the character of rule adopted by our board.

The grounds upon which the review is sought and the assigment of errors relied on in appellee's petition does not call for the hearing of any additional evidence in the circuit court as provided in the quoted part of section 4935 of the statute. So the court was only required to hear the case upon the record as certified by the board and was limited in its review to the matters prescribed in that section.

The manifest purpose of the provisions of the statute relating to summons is to notify the adverse party of the appeal and the earliest date at which it may be heard. Clearly under this provision an answer may be filed at any time within fifteen days after the service of the summons. The statute does not expressly provide that an answer shall be filed, and, since the court is required to hear the case upon the record certified by the compensation board, an answer would serve no purpose and especially is this true when as in this instance there is no allegation or showing that would warrant the hearing of any additional evidence. The only purpose of the appeal was to secure a review of the action of the compensation board on the record before it, and, when the record was properly brought up as required by law, the only issue to be determined was before the court. See U. S. Coal & Coke Co. v. Gorenz et al., supra. We are therefore constrained to hold that the court did not err in overruling the motion to take the allegations of the petition as true.

It is argued by counsel for appellant that the finding of the compensation board is sustained by some evidence and is therefore conclusive, and that the lower court erred in setting aside the order and judgment of the compensation board. On the other hand, counsel for appellee are asserting with equal earnestness that undisputed facts in evidence show that appellee suffered from a hernia which resulted from an injury sustained as set out in his application for adjustment of his claim and therefore the action of the board in

dismissing his application for compensation is not sustained by the law or the evidence and the judgment of the lower court is correct.

Section 4884, Kentucky Statutes, provides:

"In all claims for hernia resulting from injury received in the course of and resulting from the employee's employment it must be definitely proved to the satisfaction of the board: One. That there was an injury resulting in hernia. Two. That the hernia appeared suddenly and immediately following the injury. Three. That the hernia did not exist in any degree prior to the injury for which compensation is claimed. * * *"

In the case of Huff v. Kentucky-Harlan Coal Co. et al., 224 Ky. 803, 7 S. W. (2d) 227, Huff, according to his own evidence, while engaged in laying track in the company's mine, was struck in the left groin by a part of a machine or contrivance which he was using to prize rails. Because of sickness following the accident, he was forced to go out of the mine and the next day was taken to a hospital where he underwent an operation for appendicitis. He remained in the hospital about ten days. The morning after the operation a hernia about the size of a hen egg appeared. He called a doctor who pressed on the enlargement and it went back. He testified that before the accident he had never had symptoms of hernia but was in sound health and worked regularly. Dr. Martin who performed the operation testified that after leaving the hospital, Huff complained that he had strained himself; that he examined him and found the hernia; that Huff had been a patient of his and he had never shown any symptoms of hernia prior to that time; and that the appendicitis operation did not cause the hernia. He had no recollection of Huff telling him about the pain in his left side or of having examined him or of pushing the hernia back in place. He further testified that if his attention had been called to the condition, he would have remembered it and that because of the adhesive tape with which Huff's abdomen had been taped the rupture could not have been seen and the bandage would have prevented it from protruding; that he made a complete examination befor the operation and did not discover any evidence of hernia.

It was held that the evidence supported the finding of the compensation board that Huff's condition did not result from injury received in the course of his employment within the meaning of the quoted provisions of section 4884 of the Statute.

In the case of Hay v. Swiss Oil Corporation, 249 Ky. 165, 60 S. W. (2d) 385, Hay was operating an engine for the company which was out of repair and hard to start. On April 13th, while pulling and kicking on the fly wheel in an attempt to start the engine, he felt sharp pains, turned sick at the stomach, broke out in a sweat, and had to walk off and sit down. After a short time, the sickness wore off and he returned to work. He suffered no more until the next day when he started the engine and there was a recurrence of the trouble. This continued as he started the engine from day to day for about a month when a knot or enlargement appeared on his side. He consulted a physician who advised him to be operated on for hernia which he did. He had been in good health up to the time of his injury and did not know of the hernia until advised by the doctor. Two doctors who examined him and performed the operation testified that from his symptoms and the condition found at the time of the operation the hernia occurred about the time stated by him.

It was held in substance that the rupture must appear or exist immediately following the injury and that the statute does not mean that the knot or protrusion in cases of hernia must immediately appear. These are the only two cases we find from this jurisdiction relating to the sufficiency of the evidence to show that the hernia appeared suddenly and immediately following the injury and the facts here are materially different from the facts in either of those cases.

Appellee claims to have received a strain or injury which caused pain and sickness for about thirty mnutes, but there is no evidence of a recurrence of the sickness or pain. He claims to have consulted Dr. Barr some days thereafter when an enlargement appeared in his groin and was advised by the physician that he had a rupture. The doctor had no record of the visit and no recollection of it. He did examine appellee more than a year after the latter claims to have sustained his injury and found that he had a hernia but he gave no opinion as to when or how it occurred. Appellee also

claims to have consulted with other physicians but they were not called as witnesses. Apart from his own evidence there is nothing to show that any other person ever saw the condition of which he complains for more than a year after the alleged injury occurred. He filed his claim for compensation nearly eleven months after he claims to have sustained his injury. It is a rule of universal application in this jurisdiction that the finding of the compensation board will not be disturbed on appeal if there is any evidence to sustain it. Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Coleman Mining Co. v. Wicks et al., 213 Ky. 134, 280 S. W. 936; Wakenva Coal Co. v. Combs et al., 232 Ky. 546, 24 S. W. (2d) 275.

In the case of Big Elkhorn Coal Co. v. Burke et al., 206 Ky. 489, 267 S. W. 142, it was held that circumstantial evidence is sufficient to sustain the board's finding when the facts and circumstances are so related that inference of liability may be fairly drawn by unprejudiced minds without the necessity of resort to conjecture or speculation. As a matter of course, this rule would work both ways.

While there is evidence tending to support appellee's claim, there is other evidence and many circumstances from which reasonable inferences may be fairly drawn which strongly militate against it. Taking into consideration the evidence as a whole and the reasonable inferences that necessarily arise from the circumstances in relation thereto, it is at once apparent that the finding of the compensation board is supported by evidence of substantial value carrying the quality of proof. It therefore follows that the lower court erred in setting aside the order of the compensation board.

Judgment reversed with directions to approve and affirm the order and finding of the compensation board.