## Glogora Coal Co. v. Preston Boyd et al.

March 16, 1943.

J. W. Howard and W. P. Mayo for appellant.

H. R. Burke for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

On November 30, 1935, the appellee, Preston Boyd, sustained an injury arising out of and in the course of his employment by appellant. He returned to work on December 16, 1935, and entered into an agreement for compensation on form No. 9 filed with the Workmen's Compensation Board, pursuant to which he was paid

$17.14. In October, 1937, the case was reopened and the Board found that appellee' had lost an eye as a result of the injury and awarded him compensation at the rate of $12 per week for 120 weeks beginning December 7, 1935, with interest on past due payments. A petition for review was filed in the circuit court and that court affirmed the award. The principal ground relied on for reversal is that there was no substantial evidence on which to base the finding of the Board that the loss of appellee's eye was caused by the injury.

The injury sustained by appellee in November, 1935, resulted from a small piece of steel striking him in the eye. This injury was treated by the company physician and appellee returned to work in about two weeks and made the settlement referred to. Appellee testified, however, that the eye pained him continuously until it was removed in September, 1936. He claimed that he had never had pain or trouble of any kind from it until the injury but that thereafter it hurt and watered all the time and the sight became impaired; that he had black spots in front of him all the time, a condition that progressed until sight had been lost before the eye was removed. In his testimony appellee never referred to an injury to the same eye sustained in June, 1936, as a result of getting coal into it, an injury made the focal point of the case in appellant's argument as will later appear.

In August, 1936, appellee consulted Dr. P. B. Hall, who diagnosed the condition as glaucoma. It was Dr. Hall's opinion that practically all cases of glaucoma are due to disease, not injury; but he stated that some cases are attributed to traumatism and that it was possible that the condition of appellee's eye might have been due to injury. No history was given him of the November injury from the piece of steel but appellee told him that Dr. Donohue had removed some small specks of coal from his eye. Dr. Hall referred appellee to Dr. Hiotash of Huntington, West Virginia.

Dr. Hiotash confirmed Dr. Hall's diagnosis and on September 22, 1936, removed appellee's eye. It was his opinion that glaucoma might result from injury or trauma. He testified that appellee gave him a history of a little injury to his eye in November but it appears that he assumed that this was an insignificant injury because appellee was able to go back to work shortly. He also

testified that appellee told him his eye had been injured by a piece of coal getting into it in June and that he had been treated for this injury. From the history given him by appellee Dr. Hall was unable to state whether the glaucoma was due to disease or injury. He said, however, that it was possible that it could have resulted from injury by coal in June, 1936.

It is appellant's theory that even though the evidence be deemed sufficient to justify the finding that the glaucoma was caused by injury, nevertheless it is just as inferable that the injury of June, 1936, caused it as that the November injury caused it and, consequently, that the Board's finding that the first injury was responsible is not supported by substantial evidence within the rule laid down in American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S. W. (2d) 187, followed in later cases. Of course, if the glaucoma was caused by the injury of June, 1936, appellant is not responsible since no notice of such injury was given and no claim for compensation made on account thereof.

Clearly, there was sufficient evidence to sustain the finding that the glaucoma was caused by injury. Appellee's testimony that he had no trouble with the eye prior to the injury from the piece of steel, taken in connection with the testimony of the physicians that injury could have caused the glaucoma, furnished a rational basis for an inference that injury was the cause of the disease and was evidence of substance to support such a finding. The real question is whether the evidence is open to a reasonable inference that what has been referred to as the second injury may have caused the glaucoma. If it is, then appellee failed to prove his case since the burden was on him to establish that the loss of his eye resulted from the November injury, the only injury on which he based a claim.

It is our opinion that the Board came to the only logical conclusion to be drawn from the evidence. The only evidence as to the so-called second injury was that contained in the history of the case furnished the two physicians. The history of the so-called second injury given to Dr. Hall by appellee shows that appellee regarded this as a minor matter. He merely told Dr. Hall that he had some small specks of coal removed from his eye. Apparently he did not lay off from work on account of it. The history given to Dr. Hiotash was

that he had gotten a piece of coal into his eye in June but that this physician was also informed as to the injury by the piece of steel. Dr. Hiotash did not know whether the history or information was given him by appellee or by someone else. There is little, if anything, in the evidence to indicate that the so-called second injury was anything more than specks of coal getting into the eye and it would have been wholly illogical for the Board to find that such a minor matter, occurring in June, resulted in glaucoma in August in such an advanced stage as to require removal of the eye. The Board based the finding that the glaucoma resulted from the November injury largely on the fact that appellee suffered continuous pain and trouble from the eye from that time. We think they were justified in doing so. To have done otherwise would have been to ignore the realities and indulge the imagination. It seems to us that when the Board came to the conclusion that the glaucoma was caused by injury the only reasonable inference then to be drawn from the evidence was that the November injury was the producing cause. In any event it is the function of the Board to determine the weight to be accorded to the evidence and the justifiable inferences to be drawn therefrom and we are not prepared to say that the finding was not supported by substantial evidence.

It is contended by appellant that even if appellee was entitled to the additional compensation the Board was without power to make the award retroactive to December 7, 1935. Reliance is placed on Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039, in which it was held that the Board in reopening a case may not make its award retroactive in such manner as to affect the previous award as to the sums already paid thereunder. But the award made here does not affect or change any previous payment. True, it failed to take into consideration and credit appellant with the $17.14 paid appellee but this was, no doubt, a clerical error and on proper application, credit may yet be given therefor. Black Mountain Corp. v. Swift, 241 Ky. 333, 43 S. W. (2d) 1008. In Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83, was involved a situation similar to the one now confronting us. The same contention was considered and rejected and the action of the Board in making the award retroactive to the date of the original claim was upheld.

Finally, it is contended that since the allegations of the petition for review were undenied appellant was entitled to the relief sought in that petition. This question was disposed of adversely to appellant's contention in State Highway Commission v. Westerfield, 257 Ky. 274, 77 S. W. (2d) 951.

Affirmed.