## Frazier v. Kentucky-Jellico Coal Co. et al.

March 3, 1944.

778

R. L. Pope and C. B. Upton for appellant.

H. H. Owens for appellee.

.Opinion by the Court by Judge Sims—Affirming.

This is an appeal from the judgment of the Knox Circuit Court affirming the action of the Workmen's Compensation Board in denying compensation to appellant, Eli Frazier, for alleged total permanent disability which he claims to have suffered by reason of breathing "bad air" in the mine of appellee, Kentucky-Jellico Coal Company, on March 16, 1940.

A reversal is sought on two grounds: (a) As appellee filed no answer to appellant's petition for review in the circuit court, appellant is entitled to judgment on the pleadings; (b) there is no evidence of probative value to support the Board's finding of fact that appellant's disability was not the result of inhaling "bad air" in the mine.

The case was heard by Hon. Ben D. Smith, referee of the Board, who in an exhaustive and well-considered opinion after reviewing the evidence, both lay and medical, found as a fact that appellant's disability was not caused from inhaling noxious gases or smoke, known as "bad air" in appellee's mine, therefore as a matter of law compensation was denied him. Subject to an appeal to the Full Board an order was entered approving the referee's finding and ordering appellant's application for compensation dismissed. On appeal to the Full Board the opinion of the referee was adopted and a review was denied. Thereupon appellant filed his petition in the circuit court to which appellee filed no answer and upon a consideration of the record which had been before the Board, the court dismissed the petition.

We cannot agree with appellant that his petition for review of the Board's finding filed in the circuit court should be taken as confessed under sec. 126 Civil Code of Practice because appellee failed to file answer.

It was written in Muncy v. Muncy, 242 Ky. 190, 45 S. W. (2d) 1034, that unless the petition pleaded fraud or misconduct on the part of some one engaged in administering the Compensation Act the case will be tried on the record as certified by the Board and no additional evidence may be heard in the circuit court and it is not necessary for the defendant in such a proceeding to file answer. It is only when the petition contains an allegation that the award was obtained by fraud or misconduct of some person engaged in administering the Compensation Act, KRS 342.005 et seq., that it is necessary for an answer to be filed. State Highway Commission v. Westerfield, 257 Ky. 274, 77 S. W. (2d) 951; Glogora Coal Co. v. Boyd, 293 Ky. 610, 614, 169 S. W. (2d) 816, 818.

This record is quite voluminous, containing more than 600 pages, and we deem it unnecessary to review or analyze the evidence and think it will suffice to concisely point out what material evidence of probative value supports the Board's finding of fact that appellant's disability is not due to inhaling noxious gas. The familiar rule is that in the absence of fraud or mistake a finding of fact by the Board is conclusive and will not be disturbed by the courts if supported by any competent evidence of probative value. The cases are so numerous on this subject that we cite only one, Black Mountain Corp. v. Smiddy, 283 Ky. 682, 142 S. W. (2d) 978, and refer the reader to Key 1939 under the heading of Workmen's Compensation in 19 Kentucky Digest.

K. Elliott, who was working with appellant at the time he claimed to have been stricken by "bad air," testified that the air was good and that he continued to work. Caleb Partin, who "scraped" after Elliott's machine in this same room in which appellant was taken ill, testified that the air was "all right, didn't bother me." W. J. Willis, who went into the mine to work in appellant's place the night he got sick, though not in the same room, testified that the air was "pretty good."

There was considerable testimony to the effect that appellant had been addicted to the excessive use of liquor for many years. Dr. Charles B. Stacy, who saw him in April after his alleged accident in March, testified appellant had stomach trouble, infected tonsils and bad teeth, but no symptoms of having breathed "bad air" and that he did not claim to have suffered such

an accident. Dr. Stacy was of the opinion that his condition was due to the combined effects of poison from his tonsils and alcoholism.

Dr. Clark Bailey treated appellant in February before his alleged accident in March and found him suffering from gas on his stomach, dizziness and an enlarged liver. He gave Dr. Bailey a history of drinking whiskey and of having been sick for the last two or three years. Dr. Edward Wilson saw appellant in May, June and July of 1940 and he complained of a fast heart, vomiting bile and said he "had been down on bad air" in the previous February. He gave this doctor a history of having been addicted to the liquor habit but claimed to have stopped. It was Dr. Wilson's opinion that liquor could have caused appellant's stomach trouble and he found no condition which could be attributed to the inhalation of "bad air."

There is just as much evidence to the effect that appellant's condition was due to inhaling "bad air," and had the Board's finding been in favor of appellant we could not have disturbed it. We only refer to some of the evidence in favor of appellee to show that the Board had ample evidence, both lay and medical, to support its finding that appellant was not entitled to compensation.

Inasmuch as we have affirmed this case on its merits, it is not necessary to pass upon appellee's motion to dismiss the appeal upon technical grounds.

In view of the well-settled rule that it is not necessary for an answer to be filed in the circuit court in cases of this character, and of the multitude of our rulings that we will not disturb a finding of fact of the Board where supported by any evidence of probative value, it is difficult to understand, as was said in Department of Highways v. Harrell, 291 Ky. 90, 163 S. W. (2d) 287, and Mills v. Casner, 296 Ky. 678, 178, S. W. (2d) 196, why appellant's attorneys would go to the expense and trouble of bringing this large record to the courts.

The judgment is affirmed.