J. Donald Dinning, E. R. Johnson, Louisville, for appellant.

Cecil Davenport, Louisville, for appellees.

**John A. WALSER, Trustee, Appellant,**

**v.**

**William M. GLENN et al., Appellees.**

Court of Appeals of Kentucky.

March 4, 1966.

PALMORE, Judge.

The appellees, William Glenn and wife, having obtained a verdict and judgment against the appellant, Walser, failed to respond to his motion for an appeal to this court, and the motion was sustained. KRS 21.080; RCA 1.180. They have failed also to submit a responsive brief on the appeal. Nonetheless, in spite of the summary procedures permitted by RCA 1.260 we have reviewed the record to determine whether it sustains the appellant's brief. Our opinion is that it does.

The cause of action was for fraud and deceit in the sale of a residential building lot by Walser to the Glenns. Walser and his associates were real estate developers and were preparing a new subdivision for sale when, in late 1960, the Glenns asked if they could see what the lots were like. At that

time they were advised that the development had not been completed, but in January of 1961 Walser permitted them to go out and look the property over and sent a man named Richards to show them the lot lines. After covering the entire subdivision they decided they liked Lot No. 6 because it sloped downward toward the back and had several trees on it. They noticed that some dirt fill had been put on the lots and, apparently in response to their inquiry in that regard, Richards told them "it was necessary to put this fill in to cover rock, because it was required that there be six feet of dirt over any rock in order to have a lateral system" for a septic tank. They bought the lot in February of 1961 and proceeded to construct a house on it. It developed that not enough of the lot had been filled in to accommodate the system of lateral lines determined by the Louisville and Jefferson County Department of Public Health to be necessary for the house, whereupon they were put to the expense of having more dirt hauled in and, in the process, lost some trees.

Without reaching such questions as whether Richards actually made a representation justifying the Glenns in assuming that all or substantially all of the lot had six feet or more of dirt covering the rock subsurface, whether in so doing he was acting with authority or ostensible authority from Walser, whether the representation really was an inducing factor in the consummation of the purchase, and whether the correct measure of damages was applied, all of which are raised in the brief, we are satisfied that the evidence in the case was not sufficient to justify a finding that Walser or Richards had the scienter necessary to a valid cause of action for deceit.

It is undisputed that Walser had contracted with an engineering firm for the layout and contour of the subdivision and with a firm of earth moving contractors for the grading and shaping of ground as planned and directed by the engineers. In August of 1960 a representative of the Department of Public Health wrote the engineers a letter advising that soundings indicated insufficient soil cover on several lots, including No. 6, and that a minimum of six feet would be necessary for all septic fields. In December, confirming a previous oral discussion, Walser wrote the engineers a letter instructing them upon completion of the cut and fill work to make additional borings "as may be needed to assure * * * the Louisville and Jefferson County Board of Health that such fills meet with their requirements so that they may issue a clearance on the entire subdivision," etc. This instruction was carried out, after which the engineering firm certified to the Board of Health by letter that there was six feet of cover, and the Board in turn approved the subdivision.

From our perusal of the record in this case it seems probable that a misunderstanding existed with respect to the *area* (as distinct from the depth) of the required dirt cover. For example, so far as the Board of Health was concerned it was necessary that there be six feet of dirt cover only in the area of the septic field, and not over every square inch of the lot. The grading contractor testified that in filling in the various lots, measuring from the front lot line, he allowed 30 feet for set-back, 30 feet for the house, 20 feet for the general septic tank area, and 40 feet for the laterals. Both the engineering firm and the grading contractor were experienced in subdivision work. Unquestionably they were of the opinion that enough of the area of Lot No. 6 had been filled to a depth of six feet over the rock substratum to meet the requirements of the Board of Health. There is not an iota of evidence to suggest that Walser, who was relying upon their skill, judgment and veracity, did not also think so.

■ To establish actionable fraud, a misrepresentation must be made with knowledge of its falsity or under circumstances that do not justify a belief in its truth. Livermore v. Middlesborough Town-Lands Co., 106 Ky. 140, 50 S.W. 6, 13, 20 Ky.Law Rep. 1704 (1899); Church v. Eastham, Ky.,

331 S.W.2d 718 (1960); Prosser on Torts, § 100 (pp. 699–670).

It is our conclusion that the trial court should have sustained Walser's motions for a directed verdict and for a judgment notwithstanding the verdict.

The cause is reversed with directions that a judgment be entered dismissing the action.