Robert CARNAHAN, Appellant,

v.

James R. YOCOM, Commissioner, etc.,
et al., Appellees.

Court of Appeals of Kentucky.

June 27, 1975.

R. Cletus Maricle, Manchester, for appellant.

William Gadd, Dept. of Labor, Frankfort, for appellees.

CATINNA, Commissioner.

The Workmen's Compensation Board, upon a determination that Robert Carnahan was afflicted with pneumoconiosis, awarded

him total and permanent disability benefits adjudging that such benefits be paid by the Special Fund. Upon the appeal of the Special Fund to the Clay Circuit Court, the trial judge, on motion of the Special Fund, entered a default judgment in conformity with the pleadings of the Fund and remanded the case to the Workmen's Compensation Board for proceedings consistent with the Fund's motion to reopen and the taking of proof.

Carnahan appeals from this default judgment, claiming that:

"I. The trial court erred in granting a default judgment in an appeal of an order of the Workmen's Compensation Board;

II. In an appeal to circuit court from an order of the Workmen's Compensation Board it is not necessary to file an answer under KRS 342.285(2);

III. It was an abuse of discretion to grant a default judgment where a motion to dismiss and an answer had been tendered shortly after the expiration of the fifteen day time period under KRS 342.285(2)."

■ The claim that the granting of a default judgment was not permitted under CR 55.01 in that the Special Fund, in prosecuting its appeal, did not seek affirmative relief is without merit. Common sense tells us that when a party, by appeal or otherwise, seeks relief from a judgment requiring it to pay money the relief sought is definitely affirmative.

The question regarding the necessity of an answer in workmen's compensation appeals and the granting of a default where a motion to dismiss for failure to state a cause is pending requires that the proceedings before the Clay Circuit Court be detailed in chronological order.

On January 26, 1974, the Special Fund filed its "petition for review" asserting as one ground for reversal that the award had been procured by fraud on the part of the complainant. The petition for review asked that the court set aside the prior award to the claimant and the order of the Board denying its motion to reopen because of a mistake and/or fraud. Finally, the Special Fund asked that the court remand the action to the Board for proceedings consistent with its motion to reopen and the taking of proof. A summons was issued and the claimant properly served.

The petition for review, as filed by the Special Fund, complied with KRS 342.285 in all respects other than the fact that the clerk, in issuing the summons, made it returnable in twenty days instead of fifteen days. KRS 342.285(2) provides:

"The petition shall state fully the grounds upon which a review is sought, and assign all errors relied on. *Summons shall issue upon the petition directing the adverse party to file answer within fifteen (15) days after service thereof and directing the board to send its entire original record, properly bound, \* \* \*.*" (Emphasis ours.)

This section of the statute specifically requires the issuance of a summons directing the adverse party to file an answer. No answer was tendered prior to the Special Fund's motion for a default judgment. On February 21, 1974, Carnahan filed his motion to dismiss the petition for review on the ground that it did not state a claim upon which relief could be granted. Although there was a certificate of service on the motion, there was no notice concerning the date when the motion to dismiss would be brought on for hearing before the court.

On April 3, 1974, the Special Fund filed a motion that it be permitted to submit a brief, which brief was filed. Carnahan did not file a response or take any action on this motion, nor did he tender or offer to file a responsive brief. On May 27, 1974, the Special Fund filed a motion asking that a default judgment be entered. This motion was served on the claimant on May 22, 1974, and was noticed for a hearing before the court on May 29, 1974. On May 29, 1974, Carnahan filed a response to the mo-

tion. He asserted that the summons had been improperly issued, that the motion for default judgment had been improperly drawn, that it was not necessary that an answer be filed, and that a motion to dismiss had been filed on February 21, 1974. However, no effort was made to renew the motion to dismiss or seek a ruling on the part of the court.

On June 14, 1974, the Special Fund filed its memorandum of authorities on its motion. On June 17, 1974, Carnahan filed a memorandum of authorities in opposition to the Fund's motion and at the same time tendered an answer. The tendered answer did not seek to renew the previously filed motion to dismiss for failure to state a claim, nor in any way seek a hearing upon the motion.

On August 1, 1974, the Clay Circuit Court entered a default judgment "in conformity with the pleadings in this case and the case remanded to the Kentucky Workmen's Compensation Board for proceedings consistent with the motion to reopen and the taking of proof."

Carnahan seeks to avoid a default by asserting that it was not mandatory that he file an answer in the proceedings before the Clay Circuit Court. Reliance is placed upon our opinions in *Muncy v. Muncy*, 242 Ky. 190, 45 S.W.2d 1034 (1932); *State Highway Commission v. Westerfield*, 257 Ky. 274, 77 S.W.2d 951 (1934); *Glogora Coal Company v. Boyd*, 293 Ky. 610, 169 S.W.2d 816 (1943); and *Frazier v. Kentucky Jellico Coal Company*, 296 Ky. 777, 178 S.W.2d 601 (1944). In these cases, all of which were decided prior to the adoption of our present Rules of Civil Procedure, we held that an answer was not mandatory under certain particular circumstances. In *Muncy* we indicated that even though KRS 342.285(2) directed a party to file his answer the filing was not mandatory and the time limit did not apply except in cases where it was claimed that the order, decision, or award of the Board had been procured by fraud. It was further stated that unless the fraud or misconduct complained of was that of some person

engaged in the administration of the act the case was to be heard on the record as certified, and no new or additional evidence might be introduced. See KRS 342.285(3).

In *Frazier*, it was erroneously stated that *Muncy* held that an answer was not required unless the petition for review alleged that the award had been obtained by the fraud or misconduct of some person engaged in the administration of the act.

*State Highway Commission v. Westerfield, supra,* held that an answer was not mandatory; however, this happened to be a case where there was no allegation of fraud in obtaining the award nor fraud on the part of any person charged with the administration of the act.

*Glogora Coal Company* merely reaffirmed the rule in *State Highway Commission v. Westerfield.*

The Rules of Civil Procedure which became effective on July 1, 1953, definitely require that an answer be filed. CR 7.01 states that there shall be a complaint and an answer, while CR 8.02 requires that a party shall state in short and plain terms his defenses to each claim asserted. Additionally, KRS 342.285(2) specifically requires that a summons shall issue upon the petition directing the adverse party to file an answer within fifteen days after service of the summons. There is no way to avoid the clear mandate of the Rules of Civil Procedure and of the statute. We now hold that a respondent named in a petition for review upon appeal from an order of the Workmen's Compensation Board must file an answer within the time fixed by the statute.

So much of *Muncy v. Muncy*, 242 Ky. 190, 45 S.W.2d 1034 (1932); *State Highway Commission v. Westerfield*, 257 Ky. 274, 77 S.W.2d 951 (1934); *Glogora Coal Company v. Boyd*, 293 Ky. 610, 169 S.W.2d 816 (1943); and *Frazier v. Kentucky Jellico Coal Company*, 296 Ky. 777, 178 S.W.2d 601 (1944), as holds an answer not to be necessary upon an appeal in a workmen's compensation proceeding is hereby overruled.

■ Carnahan asserts that even though it might be held that he was required to file an answer it was not due prior to a ruling on his motion to dismiss which tolled the running of the time within which he was required to file the answer. CR 12.01 and CR 12.02. While it may be true that the filing of a CR 12.02 motion tolls the running of time within which to file an answer, this court is of the opinion that the movant must exhibit his good faith by seeking to bring the motion on for an early hearing and ruling. The Carnahan motion did not assign a date for hearing before the court. The Rules of Civil Procedure are designed to provide for a speedy disposition of proceedings in court. For example, CR 6.04 provides in part:

"A written motion, other than one which may be heard *ex parte,* and notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing, unless a specific period is fixed by these Rules or by order of the court. * * *."

Here, the filing of the motion and the notice of the hearing are so clearly intertwined that one can be led to but one conclusion—a proper motion would require that it be accompanied by a notice of hearing, or that such notice be given within a reasonable time after its service.

Clay, in his comments on CR 6.04, Comment 2, page 112, said:

"The apparent intent of the Rule is that a notice of hearing of motions required to be served should be given in all cases as a part of the motion procedure. Since one of the underlying purposes of the Rules is to expedite the disposition of cases, and motions for delay purposes should be condemned, a speedy hearing on all motions is imperative. Thus it might be argued that a party has not properly made a motion by simply serving and filing it without giving notice of some hearing date. The better uniform practice would be to serve such required notice with all motions.

Rule 78 and KRS 23.125 direct circuit courts to establish by rule a regular day or days certain for the hearing of motions. Notice of motions which attack a pleading or do not require immediate action by the court should, if the time is reasonable, designate by date the next motion or rule day which the courts are so required to establish."

■ We doubt if there could be a hard and fast rule to the effect that a motion without a notice is no motion at all. However, in this case, Carnahan made no effort to obtain a hearing or ruling on his motion to dismiss for failure to state a cause of action prior to the Special Fund's motion for a default judgment. Pleadings filed or tendered after the filing of a motion for default judgment are late, and this delinquent status will not be changed by the fact that the motion to dismiss is pending for, in fact, a motion of the character filed here is, in effect, "no motion at all."

■ Carnahan argues that regardless of the present status of the rule governing the filing of an answer the granting of a default judgment was an abuse of discretion where there was no showing of fraud.

We have carefully examined the record and find throughout the entire proceeding substantial indications of possible fraud and collusion. Under these circumstances, we are unable to classify as arbitrary or as an abuse of discretion the action of the trial court in remanding the proceeding to the Board for reconsideration of the Special Fund's motion to reopen on the ground of "mistake and/or fraud" and hear all evidence that may be introduced in support of or in opposition to the motion.

The judgment is affirmed.

All concur.