James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

EMERSON ELECTRIC COMPANY, Delores Mae Parker, and Workmen's Compensation Board, Appellees.

Delores Mae PARKER, Appellant,

v.

EMERSON ELECTRIC COMPANY, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

April 6, 1979.

Rehearing Denied Aug. 17, 1979.

John Riehl, Jr., Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for James R. Yocom, etc.

James C. Milam, Russellville, for Emerson Elec. Co.

William E. Rueff, Jr., Morgantown, for Delores Parker.

Before COOPER, HOWERTON and LESTER, JJ.

LESTER, Judge.

■ The Special Fund and Delores Mae Parker have taken these consolidated appeals from the February 24, 1978, judgment of the Logan Circuit Court. In that judgment, the court directed the Workmen's Compensation Board to find Parker's occupational disability in an amount in excess of the 35% which the Board had found and to place some of the responsibility for payment on the Special Fund. The judgment also denied Parker's request for default against Emerson for total disability which Parker asserted when Emerson did not timely respond in the circuit court. Emerson filed a notice of cross-appeal in this Court, but did not file a brief. Emerson additionally neglected to file an appellee's brief in either Parker's or the Special Fund's appeal. We dismiss Emerson's attempted appeal from the judgment of the Logan Circuit Court civil action number 5862. CR 76.12(8)(b).

■ An order of the Court of Appeals entered on September 6, 1978, passed to the merits the remedies pursuant to CR 76.-12(8)(c) brought on by Emerson's not filing appellee's briefs. Our review of the record leads us to the conclusion that in Parker's appeal we will accept the appellant's statement of the facts and issues as correct. CR 76.12(8)(c). From our examination of the evidence before the Board, we observe that the Board had an adequate foundation upon which to base the percentage of disability that it set and that if Emerson had properly appealed, we would have reversed the judgment of the circuit court which required the

Board to find greater disability. But, as the case now stands, Emerson has not requested us to grant that relief. We, therefore, must affirm the judgment of the court which mandates that the Board increase its assessment of the percentage of disability. In the Special Fund's appeal, the summary procedures of CR 76.12(8)(c) as it concerns Emerson's failure to file an appellee's brief, would not be warranted since the Special Fund's position is not adverse to Emerson and Parker's brief has controverted the arguments of the Special Fund. See *Walser v. Glenn*, Ky., 400 S.W.2d 223 (1966).

Parker, in her appeal, argues that the circuit court abused its discretion for not entering a default judgment of total permanent disability when the employer did not timely respond. The Special Fund, in its appeal, challenges the decision of the court which remanded the case to the Board to require the Special Fund to pay for some portion of the disability and instructed the Board to reconsider the evidence for the purpose of assessing a greater amount of occupational disability.

Delores Mae Parker worked as a connect line operator for Emerson Electric Company in Russellville, Kentucky. On January 22, 1974, while in the process of unloading motors from a conveyor belt, Parker turned and stepped on a large vacuum hose which rolled and caused her to lose her balance. As she fell, she grabbed the conveyor belt and twisted her back in the motion.

Parker's family doctor, Wan, gave her an ultrasonic treatment and prescribed medication. Upon the advice of Dr. Wan, Parker entered the hospital due to the persistence of her pain. While in the hospital, Dr. Kerwin Armand Fisher, an orthopedic surgeon, treated her.

Dr. Fisher testified that x-rays of Parker's spine revealed a narrowing of the lumbosacral disc and a sacralized last lumbar vertebra on the right side. Dr. Fisher also noted that the x-rays showed the defects of spina bifida and a piece of bone on the front of the fourth lumbar vertebra. Dr. Fisher offered his opinion that as a result of the accident, Parker had incurred 15% permanent functional disability, 7½% of which he attributed to the accident alone and the other 7½% he assigned to the arousal of a preexisting nondisabling condition into disabling reality.

The Board appointed Dr. O. Tom Evans, Jr., an orthopedic surgeon, to examine Parker upon the authority of KRS 342.121, because of the issue of whether the injury aroused a prior condition. Dr. Evans provided the only other medical testimony of the claimant's impairment. Dr. Evans presented his conclusion that due to the injury, Parker had sustained 6% permanent functional disability. Dr. Evans also observed that despite the congenital abnormalities in Parker's lower lumbar spine, in his view, this condition did not contribute to the disability.

Dr. Glen R. Larson, a clinical psychologist who qualified as a vocational expert, gave his deposition on behalf of the claimant. Larson conducted a series of tests. He stated that although Parker's intelligence was in the normal range, her actual education attainment derived from her completion of high school only rose to about a fifth grade equivalency. Because of Parker's educational background, Larson believed that she would be best suited for vocational training. Larson surmised that ideally Parker should look for a job doing light retail work where she could sit down as well as occasionally walk around and where she would only lift light objects.

The employment experience of Parker, 28 years old on the date of the hearing August 27, 1975, consisted of factory work. From 1966 to 1968, she worked for three companies operating a sewing machine. In 1968, Emerson hired her. She has no other vocational training.

On January 24, 1977, the Board awarded Parker compensation based on 35% permanent occupational disability. The Board overruled Parker's petition for reconsideration on February 15th. On March 3rd, Parker filed a petition of appeal in the circuit court under KRS 342.285 in which she claimed that the Board erred in not finding her totally disabled. This petition con-

tained a certificate of service on the attorneys of all the parties and had attached to it the opinion and award of the Board and the order overruling Parker's motion for reconsideration. Summons issued upon the petition which the sheriff of Jefferson County served upon Emerson's agent for service of process on March 15th. On June 27th, Parker moved for a default judgment against Emerson for failure to answer. Emerson responded on August 1st by filing a reply to plaintiff's motion, a motion to dismiss and without requesting leave of court, an answer. The ruling of the circuit court on the motion for default stated:

It is within the discretion of this court to hold that this claim be now remanded to the Workmen's Compensation Board for its consideration in light of the Plaintiff's greater disability on the basis of the testimony included. Mandatory obedience to the directives of *Carnahan v. Yocom*, Ky., 526 S.W.2d 301 (1975) is not compelling within the perimeter of these circumstances.

 Parker urges that *Carnahan, supra*, required the circuit court to enter a judgment in her favor of 100% occupational disability. *Carnahan, supra*, involved a default obtained by the Special Fund in conformity with its pleadings as a result of the absence of an answer by the claimant to the petition of appeal of the Special Fund which sought a remand for reopening and the taking of proof. *Carnahan, supra*, established the applicability of CR 55.01 to proceedings in the circuit court on appeal from the Workmen's Compensation Board. CR 55.01 provides in part that,

[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court without a jury, shall conduct such hearings or order such references as it deems necessary and proper.

As reflected in the quoted portion of CR 55.01, the rule does not bind the court to granting the particular relief requested in the successful movant's pleadings. The relief requested by the Special Fund's pleadings in *Carnahan, supra*, was the appropriate remedy. In the case before us, Parker appended to her petition a copy of the opinion and award of the Board. Thus, the court could observe from the petition itself that the correct remedy would not be an award by the circuit court of 100% disability; when a reviewing circuit court determines that substantial evidence does not support the amount of occupational disability set by the Board, the court must remand the case to the Board, because the court does not have the authority to direct a specific disability award. *Yocom v. Conley*, Ky.App., 554 S.W.2d 416 (1977). Consequently, even though the circuit court suggested that in remanding, it exercised its discretion not to comply with *Carnahan, supra*, because of the circumstances of the case before it, the result the court reached came under the holding of *Carnahan, supra*, and was the right decision based upon that case. The determination of the court falls within the portion of CR 55.01 which instructs the court to "order such references as it deems necessary and proper. . . ." Therefore, we do not reach the question raised in *Hawes v. Cumberland Contracting Company*, Ky., 422 S.W.2d 713 (1968) of whether the court abused its discretion in overruling the motion for default, since Parker received the same relief to which a default judgment would have entitled her.

 The Special Fund maintains that substantial evidence supports the finding of the Board as to the degree of Parker's occupational disability as well as for the determination by the Board that the work related incident caused all of this disability. Because we believe that a sufficient evidentiary foundation existed to allow the Board to believe that the accident produced all of Parker's disability, we will not address the other issue. Dr. O. Tom Evans expressed his views that the abnormalities in Parker's spine did not increase her disability. In the situation where the work related incident independently brings about all the disability the employer incurs the entire liability.

*Young v. Fulkerson,* Ky., 463 S.W.2d 118 (1971). The Board, as the finder of fact, could properly consider the testimony of Dr. Evans, *Armco Steel Corporation v. Mullins,* Ky., 501 S.W.2d 261 (1973), and the Board, in discharging its function, would not have to accept the contrary opinion of Dr. Fisher over that of Dr. Evans. *Codell Construction Company v. Dixon,* Ky., 478 S.W.2d 703 (1972). Parker calls our attention to *Shedd Bartush Foods Co. v. Bratcher,* Ky.App., 568 S.W.2d 54 (1978),[1] where the Court of Appeals held that the Board could not disregard the testimony of the treating physician when the treating physician was in a better position to observe the claimant's condition than the examining physician. However, in our case, both physicians relied on basically the same information for their evaluation. Both physicians noted the defect; they differed as to what part they thought the defect played in the disability associated with the accident. The circumstances here do not point to a reason why Dr. Fisher would have superior knowledge as to the effect of the abnormalities than that of Dr. Evans. Accordingly, the court erred in that portion of its judgment which directed the Board to apportion some amount of the liability to the Special Fund.

The judgment is affirmed to the extent that it requires the Board to reconsider the evidence to make an award against the employer based on occupational disability greater than 35%. So much of the judgment which made the Special Fund a party in the further proceedings is reversed with directions to dismiss the Special Fund.

All concur.

---

1. This case was briefed and argued prior to the Supreme Court decision in *Yocum v. Bratcher,* Ky., 578 S.W.2d 44 (1979), and is not cited as authority.