**Gerri HOLLINS, Appellant,**

v.

**JOE GUY HAGAN REALTORS COMPANY LLC; and Pamela Straub, Appellees.**

No. 2005–CA–000184–MR.

Court of Appeals of Kentucky.

Aug. 12, 2005.

Galen L. Clark, Louisville, KY, for appellant.

Robert E. Stopher, Louisville, KY, for appellees.

Before COMBS, Chief Judge; HENRY and JOHNSON, Judges.

## OPINION AND ORDER

JOHNSON, Judge.

This matter is before the Court on appellees' motion to dismiss this appeal, to which appellant responded. The issue presented to us is whether the appeal was timely filed.

The notice of appeal, which was filed on January 24, 2005, designates an Opinion and Order entered by the Jefferson Circuit Court on November 17, 2004, granting appellees' motion for summary judgment, and an order entered on December 28, 2004, denying appellant's motion to amend, alter or vacate pursuant to CR [1] 59.05.

Appellees argue that the appeal is untimely because appellant failed to notice her motion for a hearing,[2] which is a requirement under the Rules of Practice of the Jefferson Circuit Court (JRP),[3] and which omission arguably would render the motion a nullity under Kentucky case law.[4] Appellees add that although appellant subsequently filed a second motion seeking to set the matter for a hearing, the motion was filed after expiration of the mandatory ten (10) days provided under CR 59.05. Hence, appellees conclude, the CR 59.05 motion was untimely and the trial court was without jurisdiction to consider it. As a result, the "appeal window closed 30 days after the circuit court granted Straub and Hagan summary judgment."

Appellant responds that, although *Carnahan* is factually distinguishable, it does stand for the principle that a party may obtain a hearing date on a motion after it has been served. In addition, she relies on other case law which rejected the argument that an appeal was not timely filed because appeal time had not been tolled by a post-judgment motion which failed to

---

1. Kentucky Rules of Civil Procedure.

2. Appellees also argued that the motion was untimely because it was served on November 29, 2004, which was twelve days after entry of judgment. However, as appellant correctly states in her response, the motion was timely served on the twelfth day because the tenth and eleventh days, November 27 and 28, 2004, were a Saturday and a Sunday, respectively. CR 6.01.

3. Appellees refer to JRP 301, 302, 304, 305 and 401.

4. Appellees rely on *Carnahan v. Yocom*, 526 S.W.2d 301 (Ky.1975).

schedule a hearing date. Appellant quotes the following language:

> We agree that better practice dictates the scheduling of a hearing date when a motion is filed. However, we are unwilling to say that the failure to schedule such a hearing date is to be regarded as equivalent to failing to file the motion at all.... In such instances, the trial court may properly put the movant on reasonable terms as to a hearing date, but under the existing Civil Rules may not treat the motion as a nullity.[5]

Having considered the parties' arguments, and being sufficiently advised, the Court has determined that appellees' motion is not well taken. While we agree that *Carnahan* controls the resolution of this matter, we disagree with appellees' interpretation of its holding. Therefore, the motion is hereby DENIED.

First, we note that the *Carnahan* case emphasizes that a notice of hearing of a motion is intended to facilitate the prompt disposition of a case and that, therefore, the better practice is to include that notice within the motion. The *Carnahan* Court opined that "the movant must exhibit his good faith by seeking to bring the motion on for an early hearing and ruling."[6] The Court further explained that "a proper motion would require that it be accompanied by a notice of hearing, or that such notice be given within a reasonable time after its service."[7]

In *Carnahan,* however, at issue was the fact that defendant Robert Carnahan had not assigned a date for the hearing of his motion to dismiss the appeal of the Special Fund either at the time of filing of the motion or at any time afterwards before the trial court disposed of the Special Fund's motion for default judgment. While the Court expressed doubt "if there could be a hard and fast rule to the effect that a motion without a notice is no motion at all", it concluded that "a motion of the character filed here is, in effect, 'no motion at all.' "[8]

We construe *Carnahan* to articulate a concept not specifically defined in the older cases cited by appellant[9] which establishes that a motion without a notice of hearing is merely defective at the time of its filing, rather than a nullity, but that the defect must be cured within a reasonable time lest the movant's good faith become an issue with a potentially adverse effect on the "character" of the motion as found in *Carnahan.* What is a reasonable time to carry out this requirement is left to the discretion of the trial court.

In the instant case, appellant served her motion to set a hearing on her previously filed CR 59.05 motion 16 days following service of that motion. It is not clear whether appellees challenged the reasonableness of her delayed compliance when the trial court heard that motion or whether the trial court made any determination in that regard.

We now decide (and appellees have not come forward with any reason to compel us to hold differently) that appellant corrected the initial failure to serve notice of the hearing on her CR 59.05 motion within a reasonable time, thus preserving the effectiveness of that motion in accordance with the principle articulated in *Carnahan.*

---

5. *Commonwealth, Dept. of Highways v. Congleton,* 436 S.W.2d 507, 509–10 (Ky.1969). See also *Commonwealth, Dept. of Highways v. Baldwin,* 445 S.W.2d 427, 428 (Ky.1969).

6. 526 S.W.2d at 304.

7. *Id. See also* CR 6.04(1).

8. *Id.*

9. *Congleton,* 436 S.W.2d at 509–10; *Baldwin,* 445 S.W.2d at 428.

In addition, the motion was timely served, which is the sole requirement set forth in CR 59.05, and, as a consequence, the motion tolled the running of time for appeal.[10] The appeal was timely taken within 30 days following entry of the order denying the motion.[11] Therefore, this appeal shall proceed.

ALL CONCUR.