## United States Coal & Coke Company v. Gorenz, et al.

(Decided June 2, 1925.)

### Appeal from Harlan Circuit Court

1. Master and Servant—Failure to Answer Petition to Set Aside Award Waived.—In proceeding for compensation, where employer petitioned in circuit court to set aside award on ground that it was unwarranted by the evidence, failure of claimant to answer petition could not be considered, where no objection thereto was made in circuit court.

2. Master and Servant—Compensation Award on Competent Testimony Conclusive.—Compensation award, which is supported by any competent evidence, will not be disturbed.

3. Master and Servant—Award of $6,000.00 for Total Disability Sustained.—In proceeding for compensation by coal miner for fractured skull, where allowance had been for partial disability, subsequent award for total disability, at rate of $15.00 a week, not to exceed 8 years nor maximum of $6,000.00, held sustained under evidence.

4. Master and Servant—Objection to Modification of Award Cannot be Considered, in Absence of Motion for or Order Granting Cross-Appeal.—In compensation proceeding, where employer appealed from award of compensation board to circuit court, claimant's objection to modification of award in that court could not be considered on appeal therefrom by employer, in absence of motion for or order granting cross-appeal.

SAMPSON & SAMPSON for appellant.

G. G. RAWLINGS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Louis Gorenz on July 28, 1921, while in the course of his employment in the mines of the United States Coal & Coke Company, was injured by the falling of

slate upon him, which fractured his skull. He filed his claim before the workmen's compensation board and on September 6, 1921, by agreement was allowed $15.00 a week from August 4th, with no time limit fixed. On October 4, 1921, it being supposed that his total disability had ceased, he was allowed by agreement compensation for the loss of one eye at $12.00 a week for one hundred weeks, beginning August 4, 1921. On November 17, 1921, he filed application to open the award and to obtain compensation for total permanent disability. Proof was taken and on final hearing on September 5, 1922, the board held that the plaintiff was suffering from a much greater impairment than the loss of the sight of one eye, the evidence showing that he had then evidence of two fractures of the bones of the head, and had been unable to do any kind of labor since the date of the accident. The board held that it was a case of total disability and awarded compensation at the rate of $15.00 a week, not to exceed a period of eight years nor the maximum sum of $6,000.00, subject to credit by payment theretofore made. Thereupon the coal company filed in the Harlan circuit court its petition to set aside the award of the board on the ground that it was unwarranted by the evidence under the law. The circuit court sustained the award of the board, except that it adjudged that the coal company should not pay any further compensation than that paid for the period prior to September 5, 1922. The coal company appeals.

It is insisted for the appellant on the appeal that the judgment should be reversed on the pleadings, for the reason that no answer was filed to the petition filed in the circuit court and that therefore the petition must be taken as true. But this objection was not made in the circuit court. On the contrary, the case was submitted in the circuit court in these words:

"This day came on this case for hearing by the court as provided by law and by agreement of the parties upon the record certified to this court of the Kentucky workmen's compensation board."

Only a question of law was presented by the petition and that was whether the record before the workmen's compensation board sustained the board's action and the case having been submitted and heard in the circuit court, by consent, upon this record, it must be tried here as it was tried in that court.

It is also insisted that the evidence does not warrant the award made by the board. Five doctors testified. The experts testifying for the coal company show one state of facts. The experts testifying for Gorenz show another state of facts. There was some evidence warranting the finding of the board. The rule is well settled that where there is any competent evidence sustaining the finding of the board the judgment of the board will not be disturbed. The proof for Gorenz showed that his right eye is entirely out and that he cannot see for any practical purposes out of the left eye. He sustained a very severe injury not only to the bones around the right eye but to the top of his head and whether the skull is fractured on the top or not such an injury, according to the proof for him, may naturally bring about the condition in which he now is. If these facts are true the board did not err in the award it made.

In the brief for appellee it is insisted that the circuit court erred in modifying the award of the board and allowing $15.00 a week only from September 5, 1922. But the record shows no motion for a cross-appeal or order granting a cross-appeal. The objection, therefore, cannot be considered.

Judgment affirmed.