## Gorenz v. United States Coal & Coke Company.

(Decided January 12, 1926.)

### Appeal from Harlan Circuit Court.

Master and Servant—Abuse of Discretion by Compensation Board Not to Reopen Case on Showing that Finding of Total Disability was Mistake, or that Condition had Changed.—Ky. Stats., section 4902, vesting compensation board, not with arbitrary, but with sound legal discretion, in matter of review, where affidavits accompanying application to review award of total disability showed that finding was a mistake, or that injured's condition had changed, it was an abuse of discretion for board not to reopen case and hear evidence.

G. G. RAWLINGS for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Louis Gorenz lost the sight of an eye while in the employ of the United States Coal & Coke Company. Each had accepted the provisions of the Workmen's Compensation Act and they entered into an agreement for the payment of $12.00 a week for 100 weeks in full of the amount due Gorenz for the injury. The agreement was approved by the Workmen's Compensation Board and the company made the agreed payments to Gorenz for over a year. Thereupon, Gorenz filed before the board an application for a review. The board reopened the case, heard evidence and rendered an award of total permanent disability. On appeal the Harlan circuit court rendered a judgment affirming in part the award of the board. On appeal to this court the judgment was affirmed. United States Coal & Coke Company v. Gorenz, 209 Ky. 370, 272 S. W. 882. While the case was pending in this court, and several months after the granting of the award, the company applied to the board for a review

on the ground of mistake and change of conditions. In support of its application it filed the affidavits of two reputable physicians to the effect that Gorenz's total injury was the loss of the vision of the right eye and none other. The board declined to reopen the case and the company appealed to the circuit court, which held upon the showing made it was the duty of the board to reopen the case and hear evidence on the questions of mistake and change of conditions. From that judgment this appeal is prosecuted.

Section 4902, Kentucky Statutes, provides:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing, or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

It is argued on behalf of appellant that the use of the word "may" shows that the legislature intended that the whole matter of review on the ground of fraud, mistake or change of conditions should be left to the discretion of the board. If this view be correct then an employee or employer who has made out a clear case of mistake in the original award, or has shown by satisfactory evidence that the employee's condition has materially changed since that time, will be utterly powerless to obtain relief if the board refuses to reopen the case and hear evidence on the questions. Such is not the purpose of the act. Its purpose is to do justice and to compensate the employee for the injuries actually received. True, it vests the board with a broad discretion in the matter of review, but it is not an arbitrary discretion but a sound legal discretion dependent on the showing made. Here, the affidavits accompanying the application for review show either that the finding of total disability was a mistake or that appellant's condition had changed since that time, and in the face of this showing it was an abuse of discretion on the part of the board

not to reopen the case and hear evidence on the questions. It follows that the judgment of the circuit court was proper.

The motion for compensation during the pendency of the appeal is overruled.

The motion to require appellant to give bond for costs is also overruled.

Judgment affirmed.