## Trout v. Fordson Coal Company, et al.

(Decided June 1, 1928.)

(As Modified on Denial of Rehearing, September 28, 1928.)·

### Appeal from Pike Circuit Court.

1. Master and Servant.—In case there is any evidence of a competent and relevant nature to sustain finding of fact by Workmen's Compensation Board, such finding is final.

2. Master and Servant.—Evidence held sufficient to sustain finding of fact by Workmen's Compensation Board that condition of injured employee was not caused by injury received in course of employment.

3. Master and Servant.—Workmen's Compensation Board held not to have abused discretion in refusing to set aside original award on ground that it was made through fraud or mistake.

G. R. BLACKBURN for appellant.

HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From the judgment of the circuit court affirming an order of the Workmen's Compensation Board declining to reopen an award theretofore made in favor of the present appellant, this appeal is prosecuted.

The appellant was injured in April, 1925, by a fall of slate while working in the mines of the appellee. He was taken to the hospital, where he complained insistently of pains in his leg and foot. He remained in the hospital for a long period of time. The doctors could discover nothing wrong with appellant after the swelling and contusion caused by the fall of the slate had abated, but the appellant insisted that he was unable to use his foot and that he could not put it to the ground without excruciating pain. Some of the doctors were of opinion that he was malingering; others that he was deficient in will power, and that what little pain or swelling there was in the leg was occasioned by his failing to use the foot as he should and could have done had he possessed sufficient will power for that purpose. Appellant became so hysterical at the hospital that he was sent home by the doctors. A short while thereafter, and in August, he was hurt in an automobile accident. It is conceded that he had a broken wrist on account of this accident, but there is no definite proof that he received any other injuries. He continued to complain of his foot and leg, and continued to refuse to use it.

In the fall of the year he made application to the Compensation Board for compensation.

On that hearing before the board the evidence overwhelmingly demonstrated that appellant's inability to use his foot was either occasioned by his malingering or by his lack of will power to use his leg and accomplish a cure. The board awarded him compensation for a period of 24 weeks, and the appellee acquiesced in the award. Appellant does not make any complaint of that award. Thereafter appellant went to Huntington, W. Va., and entered the Children's Free Hospital in that city. Some X-rays taken of his spine developed the fact that the fifth lumbar vertebra was impinging upon the nerve which ran to the foot of which he was complaining. He was at once put into a cast and compelled to lie upon his back for a period of six months. Appellant thereupon made application before the Compensation Board to open, on the ground of fraud or mistake, the award theretofore made,

appellant's theory being that the diagnosis of his condition by the doctors at the time of the original award was either a mistake or due to fraud, and that he was in truth very badly hurt at the time the award was made.

The case was peculiarly practiced before the board, and its order is somewhat ambiguous in its character, because it is very hard to determine whether the board only considered the preliminary question as to whether the award should be opened and the facts gone into or whether it went into the facts and made a decision on the merits. The evidence for the appellant is to the effect that the X-ray pictures show that the fifth lumbar vertebra has been crushed by some external violence, and that, as the fracture appears in the pictures to be an old one, this, coupled with the symptoms of his trouble which developed immediately after the accident in the mines and continued both before and after the automobile accident, shows that the accident in the mines was the cause of his present condition. On the other hand, the evidence for the appellee, given by the doctors who examined the appellant at the time he was injured in the mines, shows that appellant was thoroughly examined when he was brought to the hospital from the mines, and that there was no injury to the back at that time; that his present condition is caused, not by a fracture, but by a tubercular condition of the bone.

If this matter was practiced on the merits, we are confronted by the well-settled rule that, if there is any evidence of a competent and relevant nature having the fitness to induce conviction to sustain the finding of fact of the board, such finding is final. Unquestionably that is true in this case. On the other hand, if the board considered only the preliminary question, and if the rule be as appellant insists it is laid down in Gorenz v. United States Coal & Coke Co., 212 Ky. 344, 279 S. W. 343, that although the board has a discretion about reopening awards once made, yet if, on the showing made, there has been a palpable abuse of discretion by the board, the court will set aside the action of the board and order the award reopened, we cannot say that there was in this case an abuse of discretion, because there was competent and relevant testimony of a substantial character to sustain the position that the original award was made through no fraud or mistake, and that the appellant's present condition was not attributable to the accident in the mines. The case of Allburn Coal Corp. et al. v.

Wilson, 222 Ky. 740, 2 S. W. (2d) 365, also relied upon by the appellant, does not militate against the rule of the Gorenz case. It is true that in the Allburn case, which was a proceeding to reopen an award on the ground of fraud or mistake, we said that, in determining whether or not the coal corporation was entitled to have the award reopened, the statements contained in its motion for that purpose must be taken as true; yet in the light of section 4902 of the Statutes which governs this matter of reopening an award, and which provides that upon its own motion, or upon the application of any party interested, and a showing of change of conditions, mistake or fraud, the board may review an award, it is patent that what we said in the Allburn case could only apply where the statements made in the motion were not controverted by pleading or proof and hence not in issue. A re-examination of the record in the Allburn case reveals that such was the situation there. The allegations in the motion of the Allburn case were uncontroverted by pleading or proof. Under such circumstances, of course, the statements in the motion had to be taken as true. In the present case, however, the statements of the motion to reopen the award were treated as controverted, and each party introduced evidence to sustain his position. The board heard the case on the application and the proof adduced by each side. Under such circumstances, the case plainly falls within the rule of the Gorenz case, and not within that of the Allburn case.

The circuit court, therefore, was not in error in affirming the order of the board, and its judgment is affirmed.