## Majestic Collieries Company et al. v. Wolford.

(Decided October 26, 1928.)

### Appeal from Pike Circuit Court.

1. Master and Servant.—Where employer's application to reopen an award under Ky. Stats., sec. 4902, is controverted, and an issue is made, question whether fraud was practiced in procedure by which award was obtained is matter for determination of board.

2.   Master and Servant.—Where order of Workmen's Compensation
Board in proceedings to reopen award dismissing employee's ap-
plication, was in effect a finding that first award to employee had
been obtained by fraud, and that claim for compensation was
fraudulent, and evidence supported finding, court could not set
aside finding of board and reinstate first award.

MOORE & CHILDERS for appellants.

O. M. GOFF and D. H. BLANKENSHIP for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The Majestic Collieries Company asked for the re-
versal of a judgment recovered against it by Jesse Wol-
ford, one of its former employees. Wolford claims that
he was injured on June 18, 1924. On December 22, 1924,
he filed with the Workmen's Compensation Board a pe-
tition for an adjustment of compensation due him for his
alleged injuries, in which he says that his employer
denied liability for compensation. On January 30, 1925,
he served a notice upon the Majestic Collieries Com-
pany that he would on February 2, at the residence of
D. H. Blankenship, on Turkey fork of Knox creek, in
Pike county, take the depositions of sundry witnesses
to be read as evidence in his behalf on a hearing before
a member of the Workmen's Compensation Board, which
hearing had been set for February 5. Upon the foot of
this notice, as it is copied in this record, there is the fol-
lowing unsigned statement:

"It was agreed on the 5th of Feb. 1926, that
these depositions be mailed direct to the Workmen's
Compensation Board by parties at Stone, Kentucky,
and to take others under due notice."

On February 2, Wolford took the depositions of him-
self, Bill Wolford, and Simon Wolford. He was repre-
sented at that taking by his attorney, D. H. Blankenship,
and the defendant was not represented by either agent or
attorney. These depositions were thereafter filed with the
Workmen's Compensation Board, and on May 5, 1925,
the member to whom it had been referred entered an
order reciting that the defendant had failed to introduce
any proof whatever, and ordering that the defendant
company pay the plaintiff compensation at the rate of
$15 per week from June 18, 1924, until January 12, 1925,
less one week, waiting period, with 6 per cent. interest

on all past-due payments, and for medical services not to exceed the sum of $100. On July 22, 1926, Wolford filed in the Pike circuit court an attested copy of this award, as section 4939, Kentucky Statutes, provides he may do. Whereupon that court proceeded to fix the value of the medical services rendered Wolford at $77, for which sum Wolford was given a judgment against the Majestic Collieries Company. He was also given a judgment against that company for $445.71, that being the aggregate amount of the weekly payments of compensation awarded him. The court also gave him interest on these weekly payments, and $9.70 costs, for which sum the court adjudged that Wolford might have execution.

The notice required by section 4939, Kentucky Statutes, appears not to have been given; at least, it does not appear in the record, nor does the court say anything about it in the judgment. Shortly thereafter an execution was issued on that judgment and delivered to J. M. Johnson, sheriff of Pike county. Thereupon the Majestic Collieries Company got busy, and on September 18, 1925, it filed with the Workmen's Compensation Board an application to reopen this award, charging that Wolford's claim for compensation was fraudulent, and that this award had been obtained through fraud. It admitted the application of Wolford for compensation, that a hearing had been set for February 5, and that Wolford had served notice that he would take these depositions on the 2d, and it alleged in that application that, immediately after that notice was served, it notified the attorney for Wolford that it would be inconvenient, if not impossible, for a representative of it to be present at the taking, and that he agreed with the superintendent for the Majestic Collieries Company that the taking should be postponed. It alleged that, in violation of that agreement, he took the depositions on the 2d of February. It admits that it was agreed on the 5th of February that the case should be continued, with leave to each party to take depositions and to submit the same on depositions. It alleged that, in violation of that agreement, Wolford took these depositions on the 2d, and that after February 5, 1925, he mailed them to the Workmen's Compensation Board, and that the award and finding of the board was based on those depositions. It further alleged that plaintiff did not receive any injuries in the mines, and that his disabilities were the result of a very severe case of ty-

phoid fever. It supported this application by a number of affidavits to the same effect, and sought to reopen this award, as section 4902, Kentucky Statutes, provides may be done.

Wolford filed a response to that motion, objected thereto, put in issue the allegations thereof, and supported his allegations by affidavits. When an application to reopen an award is not controverted, the board must take the statements thereof as true, as we said in the case of Allburn Coal Corporation v. Wilson, 222 Ky. 740, 2 S. W. (2d) 365. But when an issue is made, as there was in this case, then the question of fraud, if any, practiced in the procedure by which the award was obtained, is a matter for the determination of the board. See Gorenz v. U. S. C. & C. Co., 212 Ky. 344, 279 S. W. 343. At a hearing had on March 27, 1926, after this case had been reopened, six witnesses were introduced and examined on behalf of Wolford, and eight on behalf of the Majestic Collieries Company. Thereafter the board entered the following statement of facts and made the following order:

"On the 18th day of June, 1924, Jesse Wolford claims he was injured in an accident that arose out of and in the course of his employment with the Majestic Collieries Company. A coal car was wrecked and he claims that in lifting the car back on the track, he received injuries to his back and further that the car struck him in the back causing injuries. The proof shows that both the plaintiff and defendant had elected to and were operating under the provisions of the Workmen's Compensation Law. The doctors who attended Wolford said that his trouble was the result of typhoid fever.

"After a careful reading of the record, the Board is of the opinion that plaintiff's disability was a result of the disease, typhoid fever, and not the result of the accident he alleges occurred on the 18th day of June, 1924, and being of that opinion, the application will have to be dismissed. Ruling of Law. None.

"Order: This cause coming on to be heard and the Workmen's Compensation Board being sufficiently advised, it is adjudged that the application filed herein by the plaintiff against the defendant be and the same is hereby dismissed."

After that Wolford, on December 22, 1925, filed in the Pike circuit court a petition in equity against the Majestic Collieries Company and the Workmen's Compensation Board, the whole of which petition does not appear in the record, but from an answer filed by the Majestic Collieries Company on January 3, 1927, it appears that Wolford was seeking in some way to set aside the last finding of the board, and the court did set aside the last finding of the board, and reinstated the first award, that had been made in 1925, and gave Wolford a judgment against the Majestic Collieries Company therefor, to which the Majestic Collieries Company excepted, and from that judgment it has prosecuted this appeal.

In the discussion of this case, some stress is placed on the fact that on July 22, 1925, the Pike circuit court entered a judgment on the first award. We have already called attention to the fact that the sections of the statutes providing that may be done require that notice be given, and that no notice was given; but, granting that notice had been given, and that the entry of this judgment was in every way regular, it could not affect the result, for one Gorenz claimed that on July 21, 1921, he was injured while in the employment of the United States Coal & Coke Company. An award was made him. The United States Coal & Coke Company appealed to the circuit court, and that court sustained the board. It then appealed to this court and this court affirmed the judgment of the circuit court. See United States Coal & Coke Co. v. Gorenz, 209 Ky., 370, 272 S. W. 882.

Thereafter the United States Coal & Coke Company sought to reopen the case on the ground of a mistake and change of condition. The board declined to reopen the case. The company appealed to the circuit court, which held that it was the duty of the board to reopen the case, and from that judgment Gorenz prosecuted an appeal to this court, and that judgment was affirmed. See Gorenz v. United States Coal & Coke Co., 212 Ky. 344, 279 S. W. 343. In effect, the last order entered in this case by the Workmen's Compensation Board was a finding that the first award had been obtained by fraud, and that Wolford's claim for compensation was fraudulent. The evidence supports that finding.

The judgment of the circuit court is reversed, with directions to set it aside and to dismiss Wolford's petition.