## Happy Coal Company v. Hartbarger.

(Decided February 28, 1930.)

V. C. McDONALD and NAPIER & HELM for appellant.

J. K. P. TURNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellee and plaintiff below, W. F. Hartbarger, was an employee of the appellant and defendant below,

Happy Coal Company, the latter being the operator of a coal mine in Perry county. On March 7, 1928, plaintiff sustained an injury from falling slate, and which arose out of and in the course of his employment. Both parties had accepted our Workmen's Compensation Statute (Ky. Stats., secs. 4880-4987, as amended), and they entered into an agreement whereby defendant agreed to pay plaintiff $15 per week until he recovered, not exceeding the time limit provided in the statute, and that agreement was filed with and approved by the Compensation Board. After paying thereunder a total sum of $135, defendant ceased making payments, and, in the last receipt executed to it by plaintiff, that fact was expressed in this language: "This receipt means a final settlement. Do not sign it unless you intend to end payments of Compensation and close the case." The date thereof was July 2, 1928, and on September 24, 1928, plaintiff moved the Compensation Board to reopen the case (the above receipt having been filed with it in full settlement of the agreed award), on the ground that he had not received full compensation for his injury, and that he signed the final receipt under a mistake, that it was procured from him by fraud, and that he was totally disabled for a period after the final payment, and would be partially disabled for an unknown period thereafter. Defendant resisted that motion by controverting the grounds therefor, and a hearing was had before the board, each party introducing testimony, and it overruled the motion and declined to reopen the case. Plaintiff then petitioned the Perry circuit court for a review of that order which was heard upon the evidence introduced and considered by the board, followed by a judgment reversing the order of the board and directing it to open the case and adjudge the rights of the parties according to the facts, and from that judgment defendant prosecutes this appeal.

The testimony introduced by plaintiff before the board tended to show that he was still disabled, at least to some extent, after the ceasing of payments under the original agreed award; but that introduced by defendant preponderated to the effect that plaintiff had recovered from his injuries, and was not disabled therefrom, at the time he applied for the opening of the case or at any time after the ceasing of payments. In the recent case of Trout v. Fordson Coal Co., 225 Ky. 372, 9 S. W. (2d) 109, the identical question here presented was before us,

and we held that the finding of fact by the board on motions to reopen awards, theretofore made or approved by it, was governed by the statutory rule contained in section 4935 in the 1930 edition of Carroll's Kentucky Statutes, which is section 52 of the Compensation Act, and which is, that such finding will not be disturbed by the courts if it is supported by any competent evidence. See Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438.; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049, and numerous other cases preceding and following them.

In the Trout case that rule was indorsed without qualification where the board heard evidence and declined to modify the original award; but it was likewise held that the same rule would apply if the motion to reopen was resisted, and evidence was heard thereon and some of it supported the contention of the employer in contradiction of the grounds relied on, and which was accepted by the board, followed by its order overruling the motion. The case of Gorenz v. United States Coal & Coke Co., 212 Ky. 344, 279 S. W. 343, relied on by plaintiff was referred to and reviewed in the Trout opinion, and was found not to conflict with the conclusions reached in that (Trout) opinion. However, it was further held therein that in any event the board was vested with a sound discretion as to whether or not it would reopen the case on such an application, and that if it did not appear that that discretion was abused, its finding, would not be disturbed by the court, and, it was concluded therein, that there was no abuse of such discretion in that case, and the order of the board in declining to open the award was affirmed. So, in this case the evidence for defendant, heard by the board on the motion to reopen, preponderated over that offered and introduced by plaintiff to the effect that he was not entitled to the reopening for which he contended, and which brings it squarely within the ruling of the Trout opinion. To the same effect is the case of Majestic Collieries Co. v. Wolford, 226 Ky. 25, 10 S. W. (2d) 480.

Plaintiff also relies on the case of Broadway & Fourth Avenue Realty Company v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988, 990, but an examination of that case will show that it has no application to the facts before us. On the contrary, it is expressly stated in that

opinion that "We have adhered to the rule that a finding of fact by the board will not be disturbed if there is any evidence to sustain it;" but it was expressly pointed out therein that the pretended finding of fact by the board, in that case, was but a disguising of a finding of law which latter the courts may review under the act. We said therein: "But the board may not make a finding of fact without competent evidence (authorities cited), and a finding of facts without legal efficacy or probative value will not sustain a judgment. . . . In passing upon cases where it has been necessary to apply these principles, we have defined evidence to mean something of substance and relevant consequence, and not vague or irrelevant matter not carrying the quality of proof or having fitness to induce conviction. . . . The board will not be permitted to immunize its orders against an effective review of erroneous conclusions of law by disguising them as findings of fact, or by failure to make the essential findings of fact from the evidence." It is then pointed out that a legal conclusion of the board is not a finding of fact, which is not reviewable by the courts if supported by any relevant evidence, and that such a finding (legal conclusion) by the board is "but an exercise of judgment which may be corrected by the court." It is, therefore, clear that the Metcalfe opinion does not militate against the doctrine of the Trout opinion, or the conclusions hereinbefore reached concerning this case.

It is, therefore, patent that the circuit court was without authority to overrule the finding of fact by the board, and erred in directing a reopening of the case, and for which reason the judgment is reversed, with directions to dismiss the petition.