# Hubbard v. Louisville Hydro & Electric Company et al.

(Decided April 25, 1930.)

ROBERT HUBBARD for appellant.

FRED FORCHT and ELI BERRY for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

This is a compensation case, and Hubbard is asking compensation for a left inguinal hernia. In the course of his employment, Hubbard, on August 17, 1927, was thrown by a piece of falling timber against a concrete pillar and received severe abdominal injuries. On the next day he underwent an operation, and a rupture of his intestines was found and repaired. On August 28th he was discharged from the hospital. On September 5th, his physician discovered this inguinal hernia, and on September 22, 1927, he filed claim for compensation therefor with the Workmen's Compensation Board.

The board approved an agreement made by him with his employer for his ruptured bowel, he has been paid $130.70 therefor, and that is behind us. His employer resisted his claim for compensation on account of the

hernia, claiming that it was not received in the course of his employment. The matter was heard before a member of the board on December 13, 1927.

On June 3, 1928, the board made an order finding this hernia was not the result of this accident. Hubbard made timely motion for review by the full board and motion to reopen the case under section 21 of the act (section 4902, Ky. Stats.), and on December 4, 1928, both of these motions were denied. In due time he sought a review by the circuit court, was again unsuccessful, and has appealed.

The discovery of this hernia so soon after a serious abdominal injury tends strongly to indicate it resulted therefrom, but the evidence of the doctor who performed this operation is that at the time of the operation he examined the inguinal rings of Hubbard from the inside of his abdomen and found no trouble there.

There was competent and relevant evidence to support the findings of the board; hence its findings are conclusive. It did not abuse its discretion by refusing to reopen the case. See Happy Coal Co. v. Hartbarger, 233 Ky. 273, 25 S. W. (2d) 384.

The judgment is affirmed.