# Byrne & Speed Coal Corporation et al. v. Dodson.

(Decided May 1, 1936.)

EUGENE R. ATTKISSON for appellants.

BENEDICT ELDER and MICHAEL M. HELLMANN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellee, Dodson, was injured on January 9, 1933, while in the course of his employment as a truck driver for the appellant Byrne & Speed Coal Corporation. He was treated by a physician in Louisville and discharged as cured on February 17, 1933. On February 20, 1933, forms 18 and 19 were executed by Dodson and filed with the Workmen's Compensation Board. Form 19 was approved by the board on February 27, 1933, and thereafter had the force and effect of an award. It showed that Dodson had settled for $15 per week for four weeks' disability. By form 18 Dodson acknowledged receipt of the payment of $60 in settlement of his claim for compensation.

On May 25, 1933, appellee filed a motion before the Workmen's Compensation Board to reopen the case on the ground of "mistake and change of condition." Ky. Stats., sec. 4902. The only evidence offered in the motion to reopen consisted of the affidavit of Dr. F. S. Clarke, which recited: "I estimate the injury to Mr. Dodson on account of injury to knee at 50% to the member and at 20% to the body as a whole." The Workmen's Compensation Board overruled the motion to reopen on the sole ground that there was no showing of a change of condition, since the affidavit of Dr. Clarke did nothing more than state his estimate of Dodson's disability without showing that the same disability had not existed at the time of the award, and without showing any mistake in the award. On August 23, 1933, Dodson made a second motion to reopen the case on the same ground. With this motion he again filed the affidavit of Dr. Clarke and also filed his own affidavit, setting out that, since the date of the award, his left knee had become larger and his left calf and thigh had shrunken, and his condition had therefore materially changed. The board denied this motion to reopen, solely on the ground that successive motions to reopen upon the same grounds and upon the same showing are not allowed. Dodson appealed

to the Jefferson circuit court from this order of the board, and that court ordered that his motion to reopen be sustained, and remanded the case to the board to hear and determine the additional disability, if any, sustained by the petitioner. This appeal has been prosecuted from the order of the Jefferson circuit court remanding the case.

In Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S. W. (2d) 977, the employee moved to reopen an award, and *after hearing evidence*, the board declined to reopen the case. Its action on the motion was affirmed by this court. Happy Coal Co. v. Hartbarger, 233 Ky. 273, 25 S. W. (2d) 384. Thereafter, the employee made another motion to reopen, and on appeal to this court it was said that

"a hearing and decision on the motion to reopen, if contested and the merits of the case gone into, was tantamount to, and would be given the same effect as would be given to the board's action if the motion had been sustained and a retrial of the case had."

It was determined, therefore, that the second motion to reopen on the same grounds as the first motion should be denied. This is plainly a correct exposition of the law. In the case at bar, however, the merits of Dodson's case have never been examined on either the first or second motion to reopen. The only question adjudged on the first motion was that there was no showing of facts to indicate a change of condition either in the motion or its supporting affidavit. This was not an adjudication of anything more than the technical sufficiency of the motion and affidavit as if on demurrer, and plainly was not an adjudication of the merits of Dodson's claim. It could not be res adjudicata of an issue that was never passed upon. It follows that the board was in error in its determination that Dodson's second motion was barred by the decision as to the sufficiency of his first application. Dodson is entitled to a day in court on the merits of his motion to reopen, and this he has never had. Whether there is in fact any merit in his claim, is, of course, not determined.

Judgment affirmed.