Florine BARTLEY, Individually and as Statutory Guardian for Walter Blake Bartley and Suzanne Bartley, Appellant,

v.

Amos BARTLEY et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1955.

As Extended on Denial of Rehearing June 24, 1955.

Dan Jack Combs, Jean L. Auxier, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellees.

MONTGOMERY, Justice.

Walter Bartley, a coal miner, was killed by a slate fall on September 13, 1951, leaving a widow, Florine Bartley, and two small children, Suzanne and Walter Blake Bartley. Application for compensation was filed by the widow, individually and as guardian for the two infants. Compensation was awarded by the referee but denied by the Workmen's Compensation Board and the Pike Circuit Court on review. This appeal is from the judgment of the Pike Circuit Court dismissing the petition for review.

The questions presented for determination will be discussed in connection with the facts pertinent thereto. The first question deals with the application of the statute of limitations under KRS 342.185. Originally, Florine Bartley filed application for compensation as the administratrix of the estate of Walter Bartley, deceased. A special demurrer to this application was sustained on November 6, 1952, by the Board, with leave to amend. Application for adjustment of claim was then filed on November 17, 1952, by Florine Bartley, and Florine Bartley as statutory guardian for Walter Blake Bartley and Suzanne Bartley.

Appellees urge that the second application filed was a new and original action filed by different parties in interest, and that this being so, it was filed more than one year after the death of the decedent. The Workmen's Compensation Board ruled adversely to appellees on this question. No question was raised on this point in the Pike Circuit Court, and in their response to appellant's petition for review, appellees prayed that the full Board opinion and award be sustained, which opinion and award denied appellees' contention with reference to the statute of limitations, and also denied compensation. No cross-appeal by appellees was taken from the action of the Board on this ruling, and it does not appear to have been urged in the Pike Circuit Court. Therefore, this question is not before us, and the objection to the claim, based on the statute of limitations, is waived. United States Coal & Coke Co. v. Gorenz, 209 Ky. 370, 272 S.W. 882; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S.W. 438; Sandlick Coal Co. v. Hughes, Ky., 239 S.W.2d 258.

The decisive question here is whether Walter Bartley was an employee or partner of Amos Bartley in the A & W Coal Company at the time of his death.

Before any application for compensation was filed, Florine Bartley, as the administratrix of the estate of Walter Bartley, deceased, filed an action in the Pike Circuit Court against Amos Bartley seeking to dissolve an alleged partnership of Amos Bartley and Walter Bartley, doing business as A & W Coal Company. Amos

Bartley was represented by counsel. The matter was referred to the Master Commissioner of the Pike Circuit Court, who heard testimony and reported his recommendations to the court, upon which judgment was rendered on October 4, 1952, as follows:

"It is further adjudged that plaintiff's decedent, Walter Bartley, was not at the time of his death a partner of defendant, Amos Bartley; that the estate of Walter Bartley has not any interest in the properties and profits of the A & W Coal Company. It is further adjudged that plaintiff's petition be dismissed and that defendant recover of plaintiff his costs in this behalf expended and this cause is stricken from the docket."

█ It may be noted at this point that the record in that action was not filed in this case until a supplemental judgment was entered herein on May 5, 1954, making the record in the action filed by the administratrix a part of the record in this case. The record in the independent action cannot be considered for the first time on the petition for review to the circuit court. KRS 342.285(3) provides that the case on review by the circuit court shall be determined solely upon the record considered by the Workmen's Compensation Board. The only part of the record available to the Workmen's Compensation Board from the independent action was an authenticated copy of the judgment therefrom introduced in evidence on cross-examination of Amos Bartley. Therefore, only this judgment could be considered.

The referee held that Walter Bartley was an employee of Amos Bartley. The Workmen's Compensation Board, on review, held that Walter Bartley was a partner of Amos Bartley and denied compensation. This decision was upheld by the Pike Circuit Court on review. The Workmen's Compensation Board, in considering the plea of appellant that the former judgment of the Pike Circuit Court holding that

Walter Bartley was not a partner of Amos Bartley was res judicata, said in its opinion that this judgment was not controlling as to the status of Walter Bartley, and that the facts in evidence were sufficient to establish that Walter Bartley and Amos Bartley were partners. On this theory, compensation was denied.

█ We agree with the Board that the judgment in the action to settle the partnership is not controlling, but we feel that it is an important fact to be considered with the evidence in the case as to whether or not Walter Bartley was an employee of the A & W Coal Company. We are unable to agree with the Board on its finding that Walter Bartley was a partner. The facts are not in dispute, but the conclusions to be drawn therefrom may be conflicting.

█ Amos Bartley and Walter Bartley, doing business as the A & W Coal Company, on October 31, 1950, opened a bank account in the Pikeville National Bank and Trust Company under the name of A & W Coal Company. Both men signed signature cards and later countersigned checks. After the death of Walter Bartley, Amos Bartley continued to sign checks on the account until the time of this litigation. The A & W Coal Company began business about December 1950. Amos Bartley, who had formerly engaged in mining individually and in business with others, called his insurance agent and had an existing Workmen's Compensation insurance policy transferred from his name individually to the name of "Amos and Walter Bartley, d/b/a A & W Coal Company". It is not shown whether Walter Bartley had any knowledge of this. This was done on December 14, 1950. On February 1, 1951, Amos and Walter Bartley, d/b/a A & W Coal Company, subleased certain lands for mining purposes. Walter Bartley was killed while operating on the lands covered by this lease.

Amos Bartley owned all the equipment used in the operation, did all of the hiring and firing, supervised the work, and was

552

responsible for any financial loss. Walter Bartley had no equipment and invested no money in the business. Amos said that a partnership was to become effective at such time in the future when Walter was able to pay his part. Both men were paid the daily union wage such as was paid the other men working with them. Walter's duties as a general miner included driving the pony, loading and dumping coal, and anything else to be done.

Both men had signed the Workmen's Compensation Register, and Amos stated that he thought everybody was covered by compensation insurance prior to Walter's death. Following Walter's death, Amos was advised by the insurance agent that to be covered by the insurance he would have to pay a special premium and a special rider would have to be attached to the policy. On July 30, 1952, an endorsement eliminating Walter Bartley as partner was placed on the same policy which was in effect at the time of his death.

The Workmen's Compensation insurance premiums were based upon the gross payroll, which included Walter's wages. The auditor for the insurance carrier made his first audit on September 5, 1951, covering the period August 15, 1950, to July 11, 1951. On November 10, 1951, he made a re-audit because the insurance agent had advised him that he had included in his first audit the wages paid to Amos and Walter Bartley. On the re-audit, he excluded these wages.

In view of the judgment entered in the Pike Circuit Court adjudging that Walter Bartley was not a partner of Amos Bartley, and considering that no partnership agreement was shown in this case except the statement of Amos Bartley that Walter was to become a partner when he was able to pay his part, we have concluded that the undisputed facts show that Walter Bartley at the time of his death was engaged as an employee of the A & W Coal Company. In reaching this conclusion, we are guided by the decision reached in Mine Service Co. v. Green, Ky., 265 S.W.2d 944.

In that case, it was held that the president and general manager of a corporation who had signed the register and agreed to be bound by the provisions of the Workmen's Compensation Act was an employee at the time he received fatal injuries in an automobile accident while on his way to represent his company at a meeting. We are unable to say under the facts of this case that Walter Bartley was working in any capacity except as an employee doing general mine labor for the A & W Coal Company at the time of his death.

■ Coal Operators Casualty Company, appellee herein, an insurance carrier for appellee Amos Bartley, filed an intervening petition in this action while it was pending before the Board. On this appeal, it urged that the question to be determined is whether Amos and Walter Bartley, acting as partners, held themselves out to be partners to third parties, including the insurance carrier, and that the relationship between the two men or between the surviving partner and the dependents, or personal representative, of the deceased had no place in the record. It is insisted that Amos and Walter Bartley by their conduct have estopped themselves from denying that they were partners at least insofar as the insurance carrier was concerned.

The information disclosed to the insurance carrier on its audit made on September 5, 1951, was sufficient to have placed it on notice as to the status of Walter Bartley as an employee. When such information and notice are within the knowledge of the insurance carrier, it will not be heard to deny liability on the basis that Walter Bartley held himself out as a partner and thus cannot be considered as an employee. Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky. 343, 144 S.W. 16; Haag v. Northwestern Mutual Life Insurance Co., 297 Ky. 132, 179 S.W.2d 215.

Therefore, judgment is reversed and the case is remanded for appropriate action in accord with this opinion.