**BLUE DIAMOND COAL COMPANY,**
Appellant,

v.

**Erwin MEADE et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Rehearing Denied May 11, 1956.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

Napier & Napier, C. W. Napier, Hazard, for appellees.

MOREMEN, Judge.

This is an appeal from a judgment of the Perry Circuit Court which affirmed an order of the Workmen's Compensation Board.

Appellee, Erwin Meade, an employee of appellant, Blue Diamond Coal Company, received injury on January 29, 1953, from an accident which arose out of and in the course of his employment. A settlement agreement, on Form 9, was signed by the parties under which it was agreed that appellee was to receive $27 a week for a period of 6⅗ weeks. Appellee also executed, on Form 18, a final settlement receipt. On April 16, 1953, this agreement was approved by the board as being a final settlement and the case was marked "closed."

On March 2, 1954, appellee moved to reopen the case pursuant to KRS 342.125 which reads in part as follows: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded".

The motion was duly verified by appellee and may be treated as an affidavit sufficient to present a statement of facts presumptively correct in view of the fact the motion was not controverted by appellant nor were counter-affidavits filed. We have held that where a motion such as this is not controverted, it must be taken as true. Trout v. Fordson Coal Company, 225 Ky. 372, 9 S.W.2d 109; Allburn Coal Corp. v. Wilson, 222 Ky. 740, 2 S.W.2d 365; Majestic Collieries Company v. Wolford, 226 Ky. 25, 10 S.W.2d 480.

The verified motion is lengthy and details facts upon which the motion is based. The principal ones are these: At the time appellee was tendered the agreement as to payment of compensation on Form 9 and

the final settlement receipt on Form 18, he was assured by one Fred Keen, an employee of appellant company, that the instruments were not to be executed as a final settlement for total disability but were merely for loss of time which had accrued up to that date; that appellee who had attended school only to the third grade attempted to read the papers, could not understand them, and had relied upon the statement of his employer's agent. The verified motion also contained sufficient facts to raise the presumption that he had been totally disabled. We note here again that appellant filed no counter-affidavit by Keen, nor did it controvert the motion by written pleading.

The full board acted upon the undisputed motion to reopen and the facts contained in it, and concluded that the case merited a hearing. The order which it entered on April 6, 1954, contained this expression: "This is a sufficient showing to authorize reopening the award for change of condition."

It may be noted that although the motion was predicated on the theory of fraud or mistake, the board, in this preliminary order, assigned instead the third ground, "change of condition" upon which to reopen the case and take proof. Perhaps it was unnecessary for the board to assign any reason for reopening the case upon the undisputed facts contained in the motion, but since the expression was used, we are faced with the question of whether the burden was placed upon appellee to prove that his condition had changed after April 8, 1953.

After the case was reopened and in the hearing before the referee and the board, the testimony of seven physicians was produced, four of whom were introduced by appellee and three by appellant. Two of the physicians, who were accustomed to attending appellee and his family, were of opinion that appellee was suffering from a ruptured intervertebral disc as a result of his injury on January 29, 1953, and that such injury totally and permanently disabled him. Two other doctors, who were skilled in the treatment of such injuries, concurred in the opinion expressed by the family doctors. The medical testimony introduced on behalf of appellant was to the effect that appellee's injury was not permanently disabling, and one of the doctors was of the opinion that this injury was merely an aggravation of a pre-existing arthritic condition. The strength of this latter testimony was weakened by the testimony of the family doctor who stated that appellee had never, before the date of this accident, complained of arthritic pain.

The final order entered by the board, which we believe was amply sustained by the evidence, increased the compensation. This order stated: "We feel that on the basis of the evidence, the plaintiff has sustained the burden of showing either mistake, change of condition, or both." On appeal to the circuit court this order was sustained.

■ Appellant argues on this appeal that the board, by its preliminary order upon the uncontroverted motion and affidavit of appellee, limited the grounds upon which any change in the award might be made, to the sole ground of change of condition. We think this attitude unduly emphasizes the preliminary order and proceeds upon a misconception as to what is the actual time of the reopening of a case. If one refers to the words of the statute above quoted, it will be noted that the board may reopen an award upon its own motion or upon the application of any party interested on a *showing* of change of condition, mistake or fraud; so in no event is an award reopened until after a showing is had which we take to be synonymous with the production of competent testimony. The actual reopening occurs when the board concludes, after hearing the testimony, that the original award was improper because of fraud or mistake or that the conditions have changed since that date. In other words, it is necessary that the original order be changed to some extent. See Trout v. Fordson Coal Company, 225 Ky. 372, 9 S.W.2d 109.

On this appeal it is contended that under the limits of the original order the issue was confined to the question of whether there had been any change of condition after the date of the settlement agreement and it is insisted that appellee failed to meet the burden of proving there was such a change.

Appellant agrees that if this were an original claim the board had sufficient evidence upon which to base an award, but is equally vigorous in the insistence that all of the testimony introduced points to the fact that there was no change of condition from the date the intervertebral disc was ruptured on January 29, 1953. However, since the proof amply supports the fact that appellee was totally and permanently disabled, it is obvious that a mistake was made when he was not granted compensation in the original award commensurate with the injury he had received. The board was well within its authority granted by KRS 342.125 when it reached the conclusion that a mistake had been made and reopened the case under the authority granted under said statute on that ground.

Even if we accepted appellant's technical argument, that the board in the hearing or "showing" was bound by the words of the preliminary order which laid the way open for the taking of testimony, we feel we would be violating the rule stated in Department of Highways v. Tarter, Ky., 276 S.W.2d 667, 669, where it is said:

"The Board reached a correct decision in this case even though its opinion was based upon a ground the evidence does not support. We have many times held that a proper order must nevertheless stand, if it can be sustained for any other sufficient reason shown in the record. We have pointed out that although the Board erroneously rested its award upon fraud, it could have made, which the proof fully warranted, an award of 100 per cent disability founded upon change of conditions. Akins v. City of Covington, 265 Ky. 740, 97 S.W.2d 588; Anderson v. City of Ludlow, 250 Ky. 204, 62 S.W.2d 785."

and the spirit expressed in KRS 342.050 which reads:

"Except as provided in this chapter, no contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter."

Judgment affirmed.