**Albert RATLIFF, Appellant,**

v.

**HARRIS BROTHERS CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1969.

Rehearing Denied June 20, 1969.

G. C. Perry, III, C. A. Taylor, Perry & Taylor, Paintsville, for appellant.

Harris S. Howard, Prestonsburg, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

DAVIS, Commissioner.

The narrow question confronting us is whether the circuit court erred in affirming an order of the Workmen's Compensation Board denying appellant's motion to reopen and review his workman's compensation claim, pursuant to KRS 342.125.

On March 4, 1965, Ratliff sustained a compensable injury while in the course of

his employment by appellee, when he fell across a high-tension wire while performing duties as a lineman. Ratliff was paid compensation during the period of his temporary total disability. On June 15, 1965, Ratliff and his employer entered into a Board-approved agreement for final settlement of the claim. Ratliff resumed his former duties and worked until the latter part of December 1965, at which time he was required to submit to a second skin-graft operation looking toward correction of complications which developed after the first such procedure which had been performed shortly after the accident. Ratliff was paid compensation covering the period required for him to receive the second operative procedure.

About six weeks after the second operation, Ratliff resumed his same working duties, although he testified that he performed them under considerable physical distress. On February 10, 1966, Ratliff filed a motion to reopen and review the compensation claim pursuant to KRS 342.-125. Considerable evidence was presented in behalf of Ratliff and the appellee, incident to that motion, and on February 27, 1967, the Board entered an order reopening the case but specifically limiting the award to include the payments already made to Ratliff during the two periods when he was required to miss work for operative procedures and recovery. Of some interest is the fact that Ratliff appealed to the Magoffin Circuit Court from the order of February 27, 1967, but that appeal was dismissed without prejudice on his own motion.

On February 5, 1968, Ratliff filed another motion seeking to have the Board reopen and review his compensation award. Affidavits were submitted by Ratliff and by Dr. A. T. Gordon flatly asserting that Ratliff's physical condition and disability have substantially worsened since February 27, 1967, the date of the last ruling of the Board. Dr. Gordon had testified at length incident to the Board's ruling of February 27, 1967.

The only material submitted by appellee to controvert the affidavits of Ratliff and Dr. Gordon was the affidavit of Fred Harris, an officer of the employer corporation, which recited that Ratliff has worked regularly and enjoyed normal in-service wage increases without outwardly demonstrating any impairment in his usual efficiency. On March 11, 1968, without hearing further proof, the Board denied the motion to reopen and cited as its basis for the ruling that Dr. Gordon had previously testified that Ratliff suffered a 35% permanent, partial disability and was not a fit subject for employment. In its opinion, the Board said in part:

"It is made to appear that plaintiff has been employed on a full-time basis since June 8, 1965, and has been doing the same kind of work that he did before his injury on March 4, 1965. After considering plaintiff's motion and the affidavit in support thereof, together with the entire record, we find that a change of condition is not indicated which would justify a reopening of this case. Furthermore, plaintiff has filed a prior motion to reopen, alleging among other things a change of condition which the Board entertained and rendered an Award upon the merits of the case."

In support of its ruling, the Board cited Kentucky Wagon Mfg. Co. v. Esters, 221 Ky. 63, 297 S.W. 811; Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S.W.2d 977; Byrne and Speed Coal Corp. v. Dodson, 263 Ky. 848, 94 S.W.2d 24; and Clear Fork Coal Co. v. Gaylor, Ky., 286 S.W.2d 519. In general, we think those decisions teach that a claimant may not succeed in a second motion to reopen based on the same facts alleged in support of a former motion to reopen; and the Board may properly examine the entire record in considering a motion to reopen, and is vested with a sound discretion in ruling upon such motion. However, we find nothing in those decisions which we deem dispositive of the issue at bar. Dr. Gordon unequivocally stated on oath that the physical condition

of Ratliff, resulting directly from his compensable injury, has materially worsened since February 27, 1967, and in his opinion will continue permanently to worsen. In this opinion, Dr. Gordon is supported by the affidavit of Ratliff himself. The countering affidavit of Fred Harris does not serve to controvert the medical statement made by Dr. Gordon. In this state of case the motion to reopen is supported by *uncontroverted* medical evidentiary material reflecting a change of condition. The Board must regard these uncontroverted allegations as true. Blue Diamond Coal Co. v. Meade, Ky., 289 S.W.2d 503, 504. It was error for the Board to summarily deny the motion to reopen in face of the uncontroverted showing that a material change in condition had occurred since the previous award. There is nothing in the previous record to warrant the Board's rejection of the uncontroverted evidentiary showing of a changed condition. Of course, it will yet remain for the Board to determine whether to reopen the proceedings, and if it does, then to decide what, if any, relief the appellant may obtain.

The judgment is reversed with directions to remand the case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

MONTGOMERY, C. J., and MILLIKEN, PALMORE, REED, and STEINFELD, JJ., concur.

HILL, J., not sitting.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

I do not believe the Board is bound to believe any statement made by a witness without regard to how plausible the statement is. All triers of fact must judge the credibility of witnesses appearing before them. The Board had a discretion in this matter which was not abused. I dissent.