John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky et al., Appellants,

v.

CHARLES F. TRIVETTE COAL COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Nov. 13, 1970.

Thomas R. Emerson, Martin Glazer, Dept. of Labor, Frankfort, for appellants.

Hobart C. Johnson, Stratton & Johnson, Kelsey E. Friend, Friend & Mullins, Pikeville, for appellees.

VANCE, Commissioner.

The appellee, Joseph Hampton, entered into an agreement to settle his workmen's compensation claim on the basis of temporary total disability for a period of 32⅝ weeks and permanent partial disability of forty-three percent for 367½ weeks. The settlement was approved by the Workmen's Compensation Board.

The appellee subsequently filed a motion pursuant to KRS 342.125 to reopen the claim upon the ground of change of condition. His evidence was sufficient to compel a finding that he is presently totally and permanently disabled.

The board entered an opinion and order overruling the motion to reopen for the reason that no change of condition was shown sufficient to justify reopening.

This denial of the motion to reopen was set aside by a judgment of the circuit court which directed the board to enter an award for total permanent occupational disability based upon a functional disability rating of forty percent to the body as a whole, ten percent of which was attributable to the compensable injury and thirty percent of which was attributable to the arousal of a dormant non-disabling diseased condition. This apportionment was made by a physician appointed by the board pursuant to KRS 342.121 and to which no specific objections were filed. The Special Fund has appealed from the judgment of the circuit court.

KRS 342.125 provides:

"(1) Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending,

diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, * * *."

The Special Fund, citing Jude v. Cubbage, Ky., 251 S.W.2d 584 (1952) contends that this motion must be dismissed upon the technical ground that the motion to reopen alleged change of condition and no change of condition was actually shown. This contention would be sustained if the evidence on the motion to reopen did not disclose any change of condition and further did not sustain either of the other grounds for reopening the award, namely: fraud or mistake.

In this case the board might have dismissed the motion without a hearing because there was no showing by affidavit or otherwise that the alleged change of condition had occurred since the order approving the settlement.

The board did not do this but instead ordered that evidence be heard upon the motion. Although the evidence heard did not establish any change of condition, it is claimed by appellee that the evidence at the hearing sufficiently established a mistake in the award.

■ The first question is whether or not an award may be reopened and changed where the evidence heard sustains one ground for reopening but the motion seeking the reopening alleged a different ground.

Our cases show no indication to be stringently technical in this respect. In some cases the dividing line between change of condition and mistake is indeed thin and if the evidence justifies relief, it will not be denied simply because the pleader alleged one ground rather than the other. Cf. Blue Diamond Coal v. Meade, Ky., 289 S.W.2d 503 (1956).

We hold that a reopening of the award on the ground of mistake is not barred by the fact that the motion to reopen was based upon change of condition.

■ The next question is did the evidence in this case establish a mistake within the meaning of KRS 342.125?

The mistake claimed by the appellee is simply that although he was totally disabled at the time he made his settlement, he did not realize that fact *at that time*. With respect to his disability at the time of settlement, he testified:

"Q. Now, at that time did you realize that you were hurt as bad as you were?

"A. No, I didn't.

"Q. Explain that.

"A. Well, I thought at a week at a time that I was feeling pretty good, you know, and I thought I was gonna get better. Doctor told me I might get better and might never get better."

With respect to his consultation with Doctor Roland prior to the settlement, appellee testified as follows:

"Q. Did they give you about the same treatment there that you received in these other hospitals?

"A. No, he didn't give me any treatment at all, not more than he just run a myelogram, and told me that he could help the pain by operation but my position in working, *he couldn't help that.*

"Q. Now, was that the only time you saw Dr. Roland?

"A. No, I went back to see Dr. Roland on the 2nd of July.

"Q. Did he put you in the hospital again?

"A. No, he told me the operation wouldn't be successful.

"Q. Then did you just come back home on the same day or one day after?

"A. I came back home the same day.

"Q. And you haven't seen any other doctors since that time?

"A. Yes, I stayed under Doc Cassady on up till I settled with them, got the $5,000.00, and I went to Dr. Freesen then."

The lower court concluded as a matter of law that where uncontradicted medical evidence reflects that a claimant is totally disabled from an occupational standpoint, on an account of an occupational injury, at the time he enters into an agreement for a settlement for a sum less than the amount due for total and permanent disability, the agreement must be reopened as a matter of law upon the ground of mistake. The court cited as authority the cases of Turner Elkhorn Mining Company v. O'Bryan, Ky., 414 S.W.2d 410 (1967); Messer v. Drees, Ky., 382 S.W.2d 209 (1964) and Blue Diamond Coal Company v. Meade, Ky., 289 S.W.2d 503 (1956).

In other words it is argued that if any claimant fails to get an award or settlement for as much as he can later prove he was originally entitled to, then the initial award or settlement must be reopened. This, of course, is true when there has been a subsequent change of condition in which disability from a compensable injury has grown worse since the award or settlement. But appellee would have us require reopening for *mistake* solely on the ground that at the time of settlement he was worse off than he thought he was.

It appears to us that to sustain this position would allow the possible reopening and relitigation of every award. We believe the right to reopen an award is not so unlimited and that some efficacy must be accorded the settlement agreement.

In Turner Elkhorn Mining Company v. O'Bryan, supra, an employee claimed total and permanent disability from pneumoconiosis or silicosis. His medical proof was that he had minimal fibrosis and minimal fine nodulation in both lungs which was thought to be an early second state of pneumoconiosis.

The employer introduced expert medical proof that there was no X-ray evidence of silicosis and that if he did have silica deposits, they were so small as to be non-disabling.

At this point a settlement was reached providing for payment in a lump sum of $2,500. Approximately a year later the employee was permitted to reopen the case on a showing that he was then totally and permanently disabled from silicosis.

Although we said in passing that the situation might be characterized as a *change of condition* or *a mistake* or both, the case actually recognized that where there is such great difficulty in recognizing the early stages of a disease which develops progressively over a long period of time, there is an actual change of condition between the time when the disease was scarcely recognizable and the time when it had become clearly discernible. This distinguishes the case from the instant situation where the proof was that there had been no change in appellee's actual disability and his injury was accurately diagnosed from the beginning.

In Messer v. Drees, supra, an award was made on the theory of a back injury. While the case was still before the board on review, a motion was made to reopen for the purpose of permitting introduction of proof the claimant was suffering from a traumatic neurosis. This motion to reopen was contested because one witness testified at the original hearing that the claimant's disability was the result of something other than an organic cause, apparently a neurosis.

In overruling the motion to reopen and in making the award, the board commented:

' "There is also evidence indicating that the plaintiff may be suffering from a traumatic neurosis. However, the evidence presented by the plaintiff is highly insufficient to sustain this proposition, particularly as to causation." '

A year later a motion to reopen was sustained upon clear proof of traumatic neurosis. In affirming, this court said:

"* * * As of now, however, it is abundantly clear from a mere reading of the record that the outward and visible manifestations of his disability have progressed to the degree that what may not have been readily apparent in the spring of 1961 is now clear. * * *."

Here again the claimant's condition had actually changed in that a theory of disability which was recognized only as a possibility at the original hearing was now clearly established.

In Clear Fork Coal Co. v. Gaylor, Ky., 286 S.W.2d 519 (1956) we recognized another type of change of condition and held that when it becomes apparent that a disability which was thought to be only temporary has in fact become permanent, a change of condition has occurred.

Such a change of condition actually existed in the case of Blue Diamond Coal Co. v. Meade, supra, relied upon by appellee. In that case a claimant settled for payment of 6⁵⁄₇ weeks' temporary total disability. Later, alleging fraud, he moved to reopen the case in order to show evidence of permanent disability. The board permitted reopening upon the ground of *change of condition* and the proof established the total and permanent disability of the claimant.

The employer contended there was in fact no change of condition since the total disability of the claimant had existed continuously since the time of injury. The opinion of this court struggled with the technical aspects of reopening on the ground of change of condition and we said:

"Appellant agrees that if this were an original claim the board had sufficient evidence upon which to base an award, but is equally vigorous in the insistence that all of the testimony introduced points to the fact that there was no change of condition from the date the intervertebral disc was ruptured on January 29, 1953. However, since the proof amply supports the fact that appellee was totally and permanently disabled, it is obvious that a mistake was made when he was not granted compensation in the original award commensurate with the injury he had received. The board was well within its authority granted by KRS 342.125 when it reached the conclusion that a mistake had been made and reopened the case under the authority granted under said statute on that ground."

We cannot reconcile the language quoted above with our holding in the case of Wells v. Fox Ridge Mining Co., Ky., 243 S.W.2d 676 (1951). In that case an employee who had settled his claim on the basis of 22¾ percent permanent partial disability sought to reopen on the ground that he was totally disabled. In affirming a judgment which refused to allow the case to be reopened this court said:

"In the record under consideration, we find no evidence that appellant now has a material fact which he did not know at the time he made the contract with his employer, which was approved by the board. The settlement was not tainted by fraud. There has been no change in his physical condition. Every fact which he now produces was known to him at the time the settlement was had. We cannot correct what appears to have been a bad bargain on his part in the absence of proof to sustain the burden placed upon him by KRS 342.125."

We think the opinion in Wells v. Fox Ridge Mining Co., supra, is sound. A careful review of the original record in Blue Diamond Coal Co. v. Meade, supra, convinces us that a proper result was reached but not for the reasons stated. The reopening might have been justified on the grounds of fraud and was clearly justified for a change of condition since the condition had changed from temporary to permanent disability. Clear Fork Coal Co. v. Gaylor, supra.

Blue Diamond Coal Co. v. Meade, supra, is overruled to the extent that it implies that an award or settlement may be reopened on the ground of mistake in every case where a claimant is able to demonstrate that he was entitled to more compensation than he actually got at the time of his settlement or award. Such a mistake is not of the variety as will afford relief from the terms of a contract.

For the reasons stated herein we feel that the settlement agreement bound the parties with respect to the condition which existed at the time of settlement; that the finding of the board that no change of condition had occurred was sustained by probative evidence, and that the order of the board overruling the motion to reopen the case was proper.

The judgment is reversed.

PALMORE, OSBORNE, STEINFELD, REED and NEIKIRK, JJ., concur.