**CHARLES F. TRIVETTE COAL COMPANY, Appellant,**

**v.**

**Joseph HAMPTON et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1974.

———◆———

John D. Hays, Stratton, May & Hays, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, for Joseph Hampton.

Robert D. Hawkins, Chief Counsel, Dept. of Labor, Frankfort, for Special Fund.

REED, Justice.

In this workmen's compensation case, the appellee, Joseph Hampton, an injured employee, settled his claim on the basis that he was 43 per cent permanently partially disabled. The compensable event, a work-related traumatic back injury, occurred in February 1965. In October 1966, Hampton moved to reopen the previous award under the authority of KRS 342.125. The stated basis for this reopening was "change of condition." The compensation board refused to disturb the previous award.

On Hampton's appeal to the circuit court, the board's disposition was reversed with direction that the board increase the amount of the award to reflect permanent and total disability. We reversed the circuit court and upheld the board's decision. See Young v. Charles F. Trivette Coal Company, Ky., 459 S.W.2d 776 (1970). During the pendency of the appeal, Hampton filed a new motion to reopen the same previous, "approved-settlement" award. In August 1971, the board sustained Hampton's second motion to reopen and increased the amount of the award to reflect permanent and total disability.

The employer appealed this decision of the board to the circuit court where it was upheld. The employer thereupon appealed to this court. Under the operative facts, which are substantially undisputed, we hold that relitigation of the particular issue involved was precluded. Therefore, we reverse the decisions of the board and the circuit court that are the subject of this appeal.

Our opinion in Young v. Charles F. Trivette Coal Company, Ky., 459 S.W.2d 776 (1970), stated: "His [Hampton's] evidence was sufficient to compel a finding that he is presently totally and permanently disabled." Id. at 776. It also declared: "The mistake claimed by the appellee [Hampton] is simply that although he was totally disabled at the time he made his settlement, he did not realize the fact *at that time*." Id. at 777. Our holding was: ". . . [T]he settlement agreement bound the parties with respect to the condition which existed at the time of settlement[.]" Id. at 780.

Hampton contends "that KRS 342.125 permits a compensation claim to be reopened at any time during the compensable pay period to increase, decrease, or diminish a compensation award on a basis of a change of condition." (Brief for appellee, Hampton, p. 5). Although we agree with the stated contention, we disagree that it is dispositive of the question presented in this appeal. It would appear settled that successive motions to reopen may be filed, but does this permit the relitigation in a successive reopening proceeding of an ultimate fact actually litigated and determined in the first reopening proceeding when such determination was essential to the decision of whether relief should be granted? We conclude that relitigation under such circumstances is impermissible.

In the first reopening proceeding, Hampton asserted and it was judicially determined for decisional purposes that he was permanently and totally disabled at the time of the original award. In the present proceeding he undertook to assert that he was only partially disabled at the time of the original award. It seems to us that to permit such an inconsistent position on an issue of ultimate fact that was necessary to a determination of the first proceeding would effectively destroy all principles of finality and would encourage an unending avalanche of litigation.

The judgment of the circuit court is reversed with direction to enter a new judgment remanding the case to the board with instructions that the board set aside its order increasing the original award.

All concur.