# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION



FILED

May 21, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9805-CR-00234 |
| | ) | |
| vs. | ) | Sumner County |
| | ) | |
| **GEORGE MATTHEWS,** | ) | Hon. Jane W. Wheatcraft, Judge |
| | ) | |
| Appellant. | ) | (Sentencing-Evading Arrest) |

FOR THE APPELLANT:

**DAVID ALLEN DOYLE**
District Public Defender

**ZOE LAAKSO (sentencing)**
Assistant Public Defender
117 East Main St., Suite 2C
Gallatin, TN 37066

**REGAN L. RUDLAND (on appeal)**
Assistant Public Defender
117 East Main St., Suite 2C
Gallatin, TN 37066

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**LAWRENCE RAY WHITLEY**
District Attorney General

**LYTLE ANTHONY JAMES**
Assistant District Attorney
113 West Main Street
Gallatin, TN 37066

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, George Matthews, appeals from his sentence imposed for evading arrest,[1] a Class E felony, in the Sumner County Criminal Court. The trial court imposed a sentence of four years at 35 percent as a Range II offender to be served in the Tennessee Department of Correction consecutively to a Davidson County conviction. In this direct appeal, the defendant raises two issues: (1) whether the trial court correctly sentenced the defendant to serve four years at 35 percent in the Department of Correction, and (2) whether the trial court properly ordered the defendant to serve this sentence consecutively to Davidson County case number 97-I-237. After a review of the record, the briefs of the parties, and the applicable law, we affirm the sentence.

The evidence of the circumstances of the offense was presented at the sentencing hearing after the defendant pleaded guilty. On January 14, 1997, the defendant was driving his vehicle at a speed of 80 miles per hour in a 50 mile per hour zone. Officer Clark passed the defendant driving in the opposite direction and turned to follow the defendant after clocking his speed. Officer Clark activated his blue lights and drove beside the defendant. He observed the defendant's vehicle swerving through traffic and continuing to accelerate. They continued driving for approximately a mile and a half until the defendant stopped his vehicle and submitted to the arrest.

At the time of sentencing, the 38-year old defendant had spent most of his adult life in and out of confinement. The presentence report contained an extensive criminal record. The defendant did not complete high school, but he obtained a GED in 1981. He plans to start his own business of building pallets after he is released.

---

[1] Tenn. Code Ann. § 39-16-603 (1997).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

The record of the case at bar reflects that the trial court engaged in a thorough review of the relevant principles and considerations. Accordingly, its

3

determination is entitled to the presumption of correctness.

## I.

In determining the sentence, the trial court enhanced the defendant's sentence by applying the following factors:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
>
> (10) The defendant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114(1), (8), (10) (1997). The trial court found no applicable mitigating factors and that the defendant was not amenable to rehabilitation. Therefore, the court imposed the maximum sentence of four years. The court ordered the defendant to serve this sentence consecutively to a Davidson County sentence because he has an extensive criminal record and his behavior indicated little or no regard for human life. The court found confinement to be necessary in order to deter others likely to commit this type of offense and to avoid depreciating the seriousness of the offense.

The defendant claims the trial court based its application of enhancement factor (1) on unreliable hearsay contained in the presentence report. Specifically, the defendant argues that the court could not find that the defendant had a prior criminal record unless the state had entered certified copies of the judgments into evidence at the sentencing hearing. The defendant relies on State v. Buck, 670 S.W.2d 600 (Tenn. 1984), for the proposition that computer print-outs are unreliable hearsay and are not admissible. In Buck, the supreme court held that "computer print-outs from the N.C.I.C. are not admissible as a substitute for certified

4

copies of court convictions nor for any other purpose." Buck, 670 S.W.2d at 607.

However, as the defendant concedes, the presentence report is not a computer print-out from the N.C.I.C. The preparer of this presentence report testified that information contained in the presentence report was obtained from various sources, including a computer print-out from the N.C.I.C. The defendant objected to information derived from the N.C.I.C. computer print-out, and the trial judge ordered this information to be stricken from the report. Therefore, any information from the N.C.I.C. computer print-out was not considered by the trial court.

This court has consistently held the presentence report to be reliable hearsay. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997) ("[T]he information [in a presentence report] is reliable because it is based upon the presentence officer's research of the records, contact with relevant agencies, and the gathering of information which is required to be included in a presentence report."); State v. Dale Nolan, No. 01C01-9511-CC-00387, slip op. at 31-32 (Tenn. Crim. App., Nashville, June 26, 1997); State v. Dewayne Foster, No. 01C01-9501-CC-00008, slip op. at 6-7 (Tenn. Crim. App., Nashville, Nov. 21, 1995); State v. Richard J. Crossman, No. 01C01-9311-CR-00394, slip op. at 10-12 (Tenn. Crim. App., Nashville, Oct. 6, 1994); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993). In both Foster and Crossman, the defendants contended, as the defendant does here, that certified copies of convictions are required to prove prior criminal history. This court held that certified copies are not necessary to prove a prior criminal history; therefore, courts could rely upon the presentence report in finding a prior criminal history. Crossman, slip op. at 11-12. Most importantly, the defendant had an opportunity at the sentencing hearing to challenge any information contained in the presentence report as inaccurate or incorrect.

5

Excluding the N.C.I.C. computer print-out information, the defendant's prior criminal history contained convictions for escape, theft of property, cocaine possession, receipt of stolen property, and burglary in the second degree. Three felony convictions were used to enhance the defendant to a Range II multiple offender pursuant to Tennessee Code Annotated section 40-35-106. The remaining convictions were used to enhance the length of the defendant's sentence by applying enhancement factor (1). We find the trial court properly applied enhancement factor (1).

Next, the defendant contends that the trial court improperly applied enhancement factors (8) and (10). Additionally, the defendant claims mitigation factor (1), defendant's conduct neither caused nor threatened serious bodily injury, should apply to this case. See Tenn. Code Ann. § 40-35-113(1) (1997).

The enhancement factor regarding high risk to human life applies to evading arrest convictions when the circumstances warrant the application of this factor. See State v. Virginia Ailene Gann, No. 01C01-9704-CC-00164, slip op. at 14 (Tenn. Crim. App., Nashville, May 27, 1998); State v. James Ray Bartlett, No. 01C01-9509-CC-00302, slip op. at 14 (Tenn. Crim. App., Nashville, Apr. 7, 1998); State v. Wayne L. Hughes, No. 01C01-9502-CC-00033, slip op. at 16 (Tenn. Crim. App., Nashville, June 20, 1996) (opinion on rehearing). The defendant was swerving in and out of traffic on a heavily traveled road. The traffic was light at the time of this offense; however, the potential for an accident with serious bodily injury was great, especially at the speed the defendant was driving. We agree with the trial court that enhancement factor (10) applied under the circumstances of this case.

Regarding enhancement factor (8), the defendant contends that

6

release on bond is not a release as part of a sentence, therefore enhancement factor (8) is not applicable. The defendant contends that the trial judge based her application of this factor on the fact that the defendant committed another offense while on bail for the evading arrest offense. After a review of the sentencing hearing and the presentence report, we find that the trial judge applied this factor on the basis that the defendant had sentences involving community releases and he continued to commit criminal offenses. The presentence report lists two previous offenses for which the defendant was placed on supervised probation for one year. During the probation period, the defendant committed three additional offenses. Accordingly, enhancement factor (8) is applicable under these circumstances.

The trial court found mitigation factor (1) to be inapplicable because the defendant was involved in a high risk activity. The defendant's conduct did not cause serious bodily injury, but his conduct certainly threatened serious bodily injury. The trial court properly found this mitigation factor to be inapplicable in consideration of its finding that the defendant committed a crime with high risk to human life.

We find the length of the sentence imposed was appropriate given the applicable enhancement factors and lack of any mitigating factors.

## II.

The defendant challenges the imposition of consecutive sentencing. Consecutive sentencing may be imposed in the discretion of the trial court upon a determination that one or more of the statutory criteria exist. See Tenn. Code Ann. § 40-35-115(b) (1997). Consecutive sentences, however, should not be routinely imposed even for the offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments; State v. Taylor, 739

7

S.W.2d 227, 230 (Tenn. Crim. App. 1987); State v. Roscoe C. Smith, No. 01C01-9502-CR-00031, slip op. at 10 (Tenn. Crim. App., Nashville, Oct. 12, 1995). The Sentencing Reform Act requires the application of the sentencing principles set forth in the Act and a "principled justification for every sentence, including, of course, consecutive sentences." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). "The proof must also establish that the terms imposed are reasonably related to the severity of the offenses committed and are necessary in order to protect the public from further criminal acts by the offender." Wilkerson, 905 S.W.2d at 938; Tenn. Code Ann. § 40-35-102(1), (3)(B) (1997).

The trial court found the defendant to be (1) "an offender whose record of criminal activity is extensive" and (2) "a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(2), (4) (1997). The defendant reiterates his argument that the trial judge relied on inadmissible hearsay in finding an extensive criminal history to support consecutive sentencing. The Sentencing Act specifies that the court shall consider the presentence report in determining the manner of sentencing. See Tenn. Code Ann. § 40-35-210(b)(2) (1997). The presentence report contained information regarding the defendant's extensive criminal record. Therefore, the defendant is subject to consecutive sentencing for this factor alone. Whether the defendant is a dangerous offender need not be considered by this court because consecutive sentencing may be imposed upon a finding of an extensive criminal history.

The Wilkerson factors are satisfied by this record. Considering this offense in addition to the Davidson County offense of unlawful possession of a weapon, the aggregate sentence is reasonably related to the severity of the offenses and is necessary to protect the public from further criminal activity by this

defendant. This defendant has continually committed criminal offenses throughout his adult life. He obviously is not amenable to rehabilitation, as the court below found.

In consideration of the foregoing and the record as a whole, the sentence imposed by the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE